## SHREEVE & KNAPP v. THE STATE.

1. Under our statute the deputy sheriff, when he arrests a party on a *capias*, for a misdemeanor, is authorized to take his recognizance, and such recognizance need not be certified by the officer.
2. The misdescription, or the want of a proper description of the offence in the recognizance, will not avoid a judgment on it, as it is forfeited by the non-appearance of the party.
3. After judgment, it is too late to object that there is a variance in the recognizance entered into, and that set out in the judgment *nisi* and *sci. fa.*

Writ of Error to the Circuit Court of Mobile.

*Sci. fa.* on a recognizance. The judgment is one of *nil dicit*, after the return of two *nihils* against Knapp, and after personal service on Shreeve. The judgment *nisi* recites that on the 29th of April, 1843, the defendant Shreeve, and A. P. Knapp as his surety, entered into bond, &c. conditioned that Shreeve should make his appearance, &c. at, &c. to answer to the State of Alabama on a charge of *retailing*, and being called, came not; wherefore it was considered, &c. The indictment set out in the record is for retailing spirituous liquors in quantities less than one quart without license from the county court. The return of the *capias* is by one Watson, in the name of the principal sheriff, and states the arrest of the defendant, as well as that he entered into bond for his appearance, "which bond is herewith returned."

The recognizance is not made a part of the record, by being vouched, but appears in the transcript. It is in the usual form, and conditioned that Shreeve shall appear to answer the State in a charge *for retailing without license*. In the body of the recognizance the surety is called Austin P. Knapp, but signs himself A. P. Knapp, and is certified by one Watson as taken and acknowledged before him as deputy sheriff.

The defendants assign as error—

1. That the recognizance is taken and certified by a person not authorized by law to do so.

2. The *capias* confers no authority to take a recognizance in this form.

3. The name of Shreeve is not properly described in the judgment.

CHANDLER, for the plaintiffs in error.
ATTORNEY GENERAL, contra.

GOLDTHWAITE, J.—1. The penal code directs that when the offence for which the party is arrested is a misdemeanor, it shall be the duty of the sheriff to take his recognizance, with sufficient sureties, in such sum as the character of the prosecution may require; also that the officer taking the recognizance shall file the same with the clerk of the circuit court of the county in which the indictment was found, previous to the first day of the next term of the court. [Digest, 461, § 5, 6.] The duty thus imposed is not confined to the sheriff in person, but, in common with other official acts, may be performed by a deputy. The act does not require the officer to make a certificate on the recognizance, and one being found in the files of the cause, necessarily connects itself with the return of the sheriff to the *capias*. We think there is nothing available to the defendants in the fact that the recognizance is certified by the deputy sheriff.

2. It is urged however that the *capias* directs the sheriff to arrest the party to answer a charge for *retailing liquors* without a license, and therefore there was no authority to take a recognizance conditioned that the party should appear and answer a charge for *retailing* without a license, or for retailing generally. This is but another form of stating the objection that the offence is not technically described in the recognizance, but we have several times held that such a description was not essential. [Hall v. The State, 9 Ala. Rep. 827; Browder v. The State, Ib. 58.] At common law, it was not considered essential, even in a warrant, to state the

charge with technical precision, (Chitty's C. L. 33); and it is evident great mischiefs would arise if prosecutions could be defeated either for the want of a proper description, or even a misdescription of the offence in the recognizance. Every recognizance, when drawn in a correct form, contains three distinct conditions: 1. To appear—2. To answer a particular offence; and 3. Not to depart without the leave of the court. Now it is evident, if the stipulation is to appear at the court without reference to the offence, that a breach may be assigned for the non-appearance, though in practice it is supposed no court would permit the estreating of a recognizance, unless there was some charge preferred against the accused, and he was called to answer. In our judgment the sheriff had the authority to take the recognizance in this case in its present form, and although it does not technically describe the offence of retailing spirituous liquors, yet this is a defect of which the defendant cannot claim any advantage.

3. It is supposed also there is a variance between the recognizance as described in the judgment *nisi* and that which appears in the record, inasmuch as in the latter the charge is said to be *retailing*, whilst in the former it is *retailing without license*. Without stopping to inquire whether this is such a misdescription of the recognizance as would prevent it from being given in evidence on an issue of *nul tiel record*, we are clear we cannot notice it in the present condition of the record. If advantage had been claimed in the court below on this ground, it would have been competent to set aside, or perhaps to have amended the entry. It is too late after judgment to inquire whether the recognizance conforms to the judgment *nisi* or *sci. fa.*

We come to the conclusion there is no error in the judgment. Affirmed.