## · LENOIR'S ADM'R vs. WILSON.

[TRESPASS FOR INJURIES TO PERSONAL PROPERTY.]

1. *Plea of former recovery by plaintiff as claimant in trial of right of property.*—A judgment for the claimant, in a trial of the right of property under the statute, is not a bar to a subsequent action by him to recover damages for the tortious taking of his property under the execution.

APPEAL from the Circuit Court of Clarke.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by Jack R. Wilson, against James Odom, as the administrator of Robert Lenoir, deceased, to recover damages for the tortious act of the defendant's intestate, in procuring an execution, which was issued on a judgment in favor of Lewis F. Lenoir, against one John R. Wilson, to be levied on certain spars belonging to the plaintiff. The defendant interposed a special plea, in these words: "For further plea he says, that the spars described in the plaintiff's complaint were seized and levied on by the sheriff of Mobile county, by virtue of an execution issued from the circuit court of Clarke county, on a judgment in favor of Lewis F. Lenoir, against one John R. Wilson; that said levy and seizure was made' by said sheriff on said spars, as the property of said John R. Wilson, on the 28th April, 1855; that on the 4th May, 1855, said plaintiff interposed a claim to said spars as his property, and made the oath required by law, and gave bond, with security, to try the right of property in and to said spars, and the same were thereupon delivered to him; that afterwards, to-wit, on the 10th day of January, 1856, in said circuit court of Mobile county, said claim was tried, and the jury rendered a verdict that said spars were not liable to said execution; whereupon it was adjudged, that said spars were not liable to said execution, and that the claimant go hence, and recover of the'plain-

tiff, said Lewis F. Lenoir, his costs. And this defendant now pleads the interposition and trial of said claim to said spars, and the proceedings thereon and thereby, in bar of this suit." The court below sustained a demurrer to this plea, and its judgment on the demurrer is now assigned as error.

DARGAN & TAYLOR, for appellant.—When an execution against one person is levied on the goods of another, the latter may, at his election, either pursue his common-law remedies, or resort to a statutory claim suit; but he can not maintain both. A judgment in his favor in either form of action, with satisfaction thereof, is a bar to the other action. The cause of action in each case is the same—the levy of the execution; and the rule is settled, that a single cause of action can not be split up into two or more actions.—O'Neal v. Brown, 21 Ala. 482, and cases there cited. A trial of the right of property is a suit at law, and is attended with the usual consequences of a suit; and it has been decided in this court, that a verdict in favor of the claimant is conclusive of the question of title.—Roberts v. Heim, 27 Ala. 678.

WM. BOYLES, with TORREY & LESLIE, contra.—A statutory claim suit is not an action by the claimant, but a proceeding in rem by the plaintiff in execution, to subject the property to the payment of his debt. A judgment in favor of the claimant simply effects a restoration of the property, and goes to mitigate the damages in a personal action for the trespass.—Ewing v. Blount, 20 Ala. 694; Leavitt v. Smith, 7 Ala. 182. In Roberts v. Heim, 27 Ala. 678, although the point was not directly decided, an action for the tort was sustained after a verdict for the claimant on the trial of the right of property.

A. J. WALKER, C. J.—The question presented by the demurrer to the appellant's plea is, whether a judgment in favor of the claimant, on a trial of the right of property, is a bar to an action for the tort committed by taking the property under the execution. The argument in favor of

the sufficiency of the plea is, that the tort gives rise to an indivisible cause of action, embracing the right to recover the property; and that the plaintiff can not split up the cause of action, and recover the property itself in a trial of the right of property, and afterwards recover in this action for the injuries which were not redressed by the restoration/of the property. It is undoubtedly a rule of law, "that a demand, not divisible in its nature, can not be split up into several causes of action;" and that a judgment, in a suit for a part of a cause of action, is a bar to a suit for the remainder.—Oliver v. Holt, 11 Ala. 574. From this principle it seems to result, that if a trial of the right of property is a suit to recover for any part of the cause of action accruing to the claimant in consequence of the tortious taking of the property, he would be barred, after a judgment in that proceeding favorable to him, from maintaining this action. The sufficiency of the plea, therefore, depends upon the question, whether the claimant in a trial of the right of property, who succeeds, recovers for a part of the cause of action resulting from the tort.

In the trial of the right of property, the claimant is not the plaintiff: on the contrary, he is the defendant. Hence it has been decided, that the plaintiff in execution, who is proceeding in chancery for the subjection of the same property to his debt, may be compelled to elect between his remedy at law and in chancery, and compelled to abandon one or the other.—Pl. & M. Bank v. Borland, 5 Ala. 531; Pl. & M. Bank v. Walker, 7 Ala. 926. Hence it is, also, that, under the old law, the plaintiff in execution was required to give security for costs.—McAdams v. Beard & Henderson, 34 Ala. 478; Jacott v. Hobson, 11 Ala. 434. It is true that the suit originates by the act of the claimant, when he makes the bond and affidavit. Wiswall v. Gliddon, 4 Ala. 357; McAdams v. Beard & Henderson, *supra*.

The trial of the right of property is an anomalous proceeding, initiated by the claimant, and in which the plaintiff in execution is the actor, or plaintiff. When the property of one is levied on, by virtue of an execution

against another, the statute gives to the owner the privilege of arresting the proceeding under execution against his property, upon making the prescribed bond and affidavit, until the plaintiff shall obtain a judicial ascertainment of the liability of the property to the execution. It arms the claimant with the right of compelling the plaintiff in execution to suspend the proceeding under execution against the property, and become the plaintiff in a statutory suit, in which he affirms the liability of the property to his execution; and that he should maintain his side of the issue, before he can obtain a sale of the property. The claimant does not, by originating the trial of the right of property, seek or obtain redress for the injury done by the trespass; but simply, in the exercise of a privilege given him by the statute, throws upon the plaintiff the *onus* of maintaining the liability of the property in a judicial proceeding, before he can obtain a sale of it under execution. The object of the law is to throw around the plaintiff's proceeding under his execution a safeguard against unnecessary injury, not to give redress to the claimant for the injury done to him by committing the trespass. The law says to the plaintiff, that the bond and affidavit having been made by the claimant, he can not proceed further with his execution against the particular property, until he obtains a judgment of condemnation. The object of the suit is to remove the obstacle in the way of the proceeding against the property, and to establish its liability. The redress of the past wrongs to the claimant is not the purpose. The trial of the right of property is not a suit upon any part of the claimant's cause of action resulting from the trespass, and a judgment in favor of the claimant could not bar a subsequent suit for damages.

The opinion of this court in Roberts v. Heim, 27 Ala. 678, indicates that the same view of this question was taken then by the court, though the point is not expressly decided.

It is true that, as an incident to the proceeding for the trial of the right of property, the claimant obtains a restoration of his property; but this restoration results from

the fact, that he has given a security deemed by the law a full equivalent. The property is not recovered by suit, and its obtainment is not the result of any judgment. We can not perceive any difference between the effect of such a restoration, and a restoration voluntarily made. The effect of a voluntary restoration is to lessen the damages, not to defeat the suit.—Ewing v. Blount, 20 Ala. 694.

Judgment affirmed.