(87 South. 594)

### Ex parte STATE ex rel. SMITH, Atty. Gen. (8 Div. 266.)

(Supreme Court of Alabama. June 30, 1920. Rehearing Denied Nov. 6, 1920.)

1. **Bail ⬥47—Habeas corpus ⬥33—Probate judge may not hear application for bail in capital case, such cases being determined on habeas corpus.**

Under Code 1907, §§ 6331–6335, a probate judge is not authorized to hear applications for bail by a prisoner under indictment for a capital offense, but such cases are to be determined on habeas corpus.

2. **Courts ⬥23—Solicitor's consent to the probate judge hearing application for bail created no jurisdiction.**

Jurisdiction cannot be created by consent, so that none was conferred by the circuit solicitor's consent to the probate judge hearing application for bail in a capital case.

Somerville and Thomas, JJ., dissenting.

Petition by the State of Alabama, on the relation of its Attorney General, for the alternate writ of mandamus, directed to Hon. L. P. Troup, as Probate Judge of Morgan county, to require him to make an order suspending his judgment, admitting to bail one Charley Namie, pending an appeal by the State, and permitting the State to take an appeal from said judgment. Writ awarded.

Petition shows that said Namie was indicted for murder in the first degree at the spring term, 1920, of the Morgan county circuit court, and that after there had been a mistrial in the cause Namie made application to the probate judge for admission to

bail. On a petition by the state, a writ of prohibition from the Supreme Court was directed to the county judge, Hon. W. T. Lowe, enjoining him from proceeding to hear and act upon said application without taking evidence thereon. That application for bail was thereupon dismissed, and another application for bail was made by Namie to Hon. L. P. Troup, as probate judge of Morgan county. The petition avers that Judge Troup acted without legal authority in admitting said Namie to bail, and also acted without authority in refusing to allow the state to appeal from that action, and in refusing to suspend the order admitting to bail pending such appeal. The respondent filed his answer, denying that he refused to permit the state to appeal, but admitting that he refused to suspend the order for admission to bail, and that he expressed the opinion that the state was not entitled to an appeal.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for appellant.

The writ should be granted on the authority of State ex rel. Attorney General v. Lowe, 204 Ala. 288, 85 South. 707.

Callahan & Harris and S. A. Lynne, all of Decatur, for appellee.

The question turns on whether this was a writ of habeas corpus under section 7007 et seq., Code 1907, or an application for bail under section 6328 et seq., Code 1907, and are these proceedings separate and distinct within themselves. Our contention is fully sustained by the case of Callahan v. State, 60 Ala. 65. See, also, 6 C. J. 972; 3 R. C. L. §§ 15, 22, and 23; 22 Ala. 65; 20 Ala. 89; 34 Ala. 270.

SOMERVILLE, J. [1] The main question presented by this petition and the return made by the respondent to the alternative writ is whether or not, under sections 6331–6335 of the Code of 1907, a probate judge is authorized to hear applications for bail by a prisoner under indictment for a capital offense.

In the recent case of Ex parte State of Alabama ex rel. Attorney General, 85 South. 707[1] (which was the petition for prohibition referred to in the reporter's statement above), it was held that the procedure provided by sections 6331–6335 of the Code of 1907—

"is not intended for cases in which the prisoner is indicted for a capital felony, but that the right to bail in such cases is to be determined on habeas corpus, on the hearing of which the state and the accused are entitled as of right to have the witnesses heard."

We have again considered the question in full bench, and a majority of the court, con-

sisting of ANDERSON, C. J., and SAYRE, GARDNER, and BROWN, JJ., are of the opinion that the respondent, as probate judge of Morgan county, was without authority to act in this case, and they adhere to their previous conclusion as stated by SAYRE, J., in the case above referred to.

[2] It appears from the respondent's answer that the circuit solicitor consented to the hearing in question. However, it is an elementary principle of law that jurisdiction of the subject-matter cannot be created by consent, and the solicitor's consent cannot be considered here. It results that the mandatory writ must issue to the respondent, commanding him to set aside and annul the order admitting the prisoner to bail.

The writer and THOMAS, J., are of the opinion that, while the first clause of section 6331 very obviously relates to fixing bail in cases only which are bailable as a matter of law, the latter clause, authorizing an application for bail to any judge or chancellor in vacation, is not limited to such cases, but relates to all cases, whether of indictment or otherwise, in which the prisoner is entitled to bail, either as a matter of law or of fact. They are impelled to this conclusion in view of the language of section 6335, which allows appeals from orders refusing application for bail, meaning, ex vi termini, refusals in refusable cases, viz. in capital cases where the right to bail vel non depends on the weight of the evidence.

They would conclude, therefore, that the respondent was authorized by law to hear the application of the prisoner Namie for bail, and to admit him to bail if the evidence justified such an order.

Writ granted.

ANDERSON, C. J., and SAYRE, GARDNER, and BROWN, JJ., concur.

SOMERVILLE and THOMAS, JJ., dissent.

McCLELLAN, J. (concurring specially). This proceeding concerns action by a judge of probate upon a petition or application for bail as distinguished from an habeas corpus to admit to bail. In Callahan v. State, 60 Ala. 65 (particularly page 72), this court held, speaking through STONE, J., that these two systems were distinct, "independent"; and there has been no such subsequent change in the pertinent statutes as to avert the conclusion thus stated in Callahan v. State, supra. Indeed, their repeated re-enactment, in the light of the settled construction thus taken in the Callahan Case, effected, under familiar doctrine, to constitute that conclusion a part of the systems. While an appeal by the state is provided from an order admitting to bail in an habeas corpus proceeding, no right of appeal is or has been given the state from an order admitting to bail in

---

[1] 204 Ala. 288.

response to an application for bail under that "independent" system, viz. Code, § 6331 et seq. Instead of a right of appeal being given, the state from the allowance of bail in response to an application for bail (under section 6331), Code, § 6335, only confers the right of appeal upon a refusal to admit to bail, thus restricting the right of review by appeal to him whose application for bail is denied.

I concur with Justices SOMERVILLE and THOMAS in their construction of the term "bailable felony," as employed in Code, § 6331, when considered in connection with the provisions of section 6335.

The power and authority of a judge of probate to entertain, hear, or determine an application for bail, is only conferred "in vacation," necessarily referring to the court to which the indictment is returned. Vacation was long since well defined in Ex parte Branch, 63 Ala. 383, 386. It is a period, or periods, intervening between terms of court. The act approved September 22, 1915 (General Acts, pp. 707, 708), provides that the circuit courts "shall be open" throughout the year except for very short periods in July and December of each year. The application for bail in this instance was made to Judge Troup in term time of the circuit court, and not in vacation; and hence the judge of probate was without power or authority, in any event, to entertain the application for bail under Code, § 6331 et seq.

These considerations lead me to concur in the conclusion to which the majority of the court gives its approval.