(96 South. 318)

## CHRISTIAN et al. v. MEIGS. (6 Div. 871.)

(Supreme Court of Alabama. April 19, 1923.)

**Bail ⬦48—Deputy sheriff held without authority to accept bail in case of felony.**

A complaint against a deputy sheriff for false imprisonment, averring that he arrested plaintiff on a warrant charging him with having obtained a signature by false pretenses, which is a felony under Code 1907, § 6921, and refused to allow or accept bail, but took plaintiff to the county seat and lodged him in jail, where he was released on bail approved by the sheriff, *held* insufficient, to state a cause of action, such deputy having authority under sections 6330–6333 to take bail only when the offense charged is a misdemeanor, and defendant has not been lodged in jail.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by C. I. Meigs against Thomas A. Christian and the National Surety Company. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Percy, Benners & Burr, Salem Ford, and Burgin & Jenkins, all of Birmingham, for appellants.

The complaint fails to aver that the deputy had authority to approve the bond, and hence states no cause of action. A. G. S. R. Co. v. Cardwell, 171 Ala. 274, 55 South. 185; So. Ry. v. McIntyre, 152 Ala. 223, 44 South. 624; Iron City Min. Co. v. Hughes, 144 Ala. 608, 42 South. 39. Approval of bonds involves a discretion on the part of the officer. 6 C. J. 954; Ex parte Skelton, 104 Ala. 98, 16 South. 74.

John T. Glover and Charles A. Calhoun, both of Birmingham, for appellee.

Plaintiff, as defendant in the warrant, was entitled to bail as a matter of right. Code 1907, § 6338; Const. 1891, § 16; Hammons v. State, 59 Ala. 168, 31 Am. Rep. 13. A deputy sheriff has authority to perform every ministerial act which the sheriff can perform. 24 R. C. L. 979; Rogers v. Carroll, 111 Ala. 610, 20 South. 602; Hereford v. Brentz, 192 Ala. 465, 68 South. 350; King v. Gray, 189 Ala. 686, 66 South. 643; Ward v. Goldsmith, 203 Ala. 306, 82 South. 662.

THOMAS, J. The suit was for false imprisonment. A deputy sheriff is averred to have arrested plaintiff, under a warrant duly charging a felony, on which was indorsed by the clerk issuing the process, "The officer arresting may admit the defendant to bail upon his entering into bond in the sum of $5,000," and plaintiff was taken, under the foregoing process, to the county jail, where he was soon after released on bail, approved by the sheriff. The offense for which plaintiff was arrested is averred to have been "obtaining signature by false pretenses." This is a felony. Code, § 6921; Addington v. State, 16 Ala. App. 10, 74 South. 846.

Provisions of the statute in regard to bail are: (1) If the offense charged in the indictment is a misdemeanor, the defendant may be discharged "by the sheriff, or his deputy, on giving sufficient bail" (Code, § 6330); (2) if the indictment is for a misdemeanor, and the defendant is committed to the jail for want of bail, "the sheriff may, at any time, discharge him on his giving bail in the amount required"; and (3) bail for felony is fixed by the judge of the court, taking bail of the defendant in open court, or by indorsing the amount of the same on the indictment, or by a judge or chancellor in vacation fixing the amount of the bail. And the sheriff is given "authority, and it is his duty, to discharge such defendant in term time or vacation, on his giving bail as required." Code 1907, §, 6331; State ex rel. Smith, Atty. Gen., v. Lowe, 204 Ala. 288, 85 South. 707; State ex rel. Smith, Atty. Gen., 205 Ala. 11, 87 South. 594. It is a further statutory requirement that, when a writ of arrest is issued upon an indictment, the clerk issuing the same must indorse thereon an order to the sheriff to take bail of the defendant in the amount fixed by the judge, and indorsed by him on the indictment. Code 1907, § 6332; Ex parte Robinson, 108 Ala. 161, 18 South. 729; State ex rel. Smith, Atty. Gen., supra. Note that, if the indictment charges a misdemeanor, "and the defendant is committed to jail for want of bail, the sheriff may, at any time, discharge him on his giving bail in the amount required." Code 1907, § 6333; State ex rel. Smith, Atty. Gen., supra. From this it is apparent that it was the legislative intent that the deputy sheriff be given authority to take bail only when the offense charged in the indictment is a misdemeanor, and the defendant has not been lodged in jail.

The complaint is in one count, charging a tort against the deputy sheriff, and sufficiently states the facts to show that the offense charged was a felony (Code 1907, § 6921); Addington v. State, 16 Ala. App. 10, 74 South. 846; Ex parte State In re Geo. D. Pollock, (Ala. Sup.) 97 South. 240;[1] that plaintiff was arrested by Deputy Sheriff Christian under due process in Bessemer, some distance from the county site of Jefferson county; that the process had indorsed thereon the amount of the bail—the sum of $5,000; that Christian, as such deputy sheriff, was acting within the line and scope of his duties and author-

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Post, p. 69.

ity, and under color of his office as such deputy sheriff, when he arrested and detained plaintiff at Bessemer, and took him to the county jail under and by virtue of his warrant of arrest. It is further averred that he wrongfully declined to allow or accept from plaintiff bail at Bessemer, and liberate him from such arrest, until he carried plaintiff to Birmingham and lodged him in the jail of the county, pursuant to and under the said writ or warrant of arrest. It is not alleged in the count that Deputy Sheriff Christian had authority of law to approve such bond. As to this it is insisted that plaintiff should have alleged facts showing, and have been required to prove, that defendant Christian, as deputy sheriff, was under the duty of accepting the bond tendered him at Bessemer, after being made aware of the fact that a good and sufficient bond had been presented to him.

Section 6331 of the Code, as we have observed, places the duty upon the sheriff to approve bonds in bailable felonies, after the amount has been determined or fixed by a court of competent jurisdiction, or by a judge or chancellor having jurisdiction to fix such bail.

Under the old statute (Clay's Digest, § 5, p. 461), it is declared that the Penal Code directs that, when the offense for which the party is arrested is a misdemeanor, it shall be the "duty of the sheriff to take the party's recognizance," with sufficient sureties, in such sum as the character of the prosecution may require. The duty thus imposed by statute upon the sheriff by construction was said to be that it "may be performed by a deputy." Shreeve & Knapp v. State, 11 Ala. 676. In subsequent Codes (Code 1852, § 3546 et seq.) this obvious construction as to misdemeanors (and the defendant has not been lodged in jail) was carried into the statute. Code 1907, § 6330. That is, if the offense charged in the indictment is a misdemeanor (and the defendant has not been lodged in jail) the defendant must be discharged by the sheriff, or his deputy, on giving sufficient bail. Thus was the authority of the deputy sheriff, pertaining to bail of such a misdemeanant, fixed in this jurisdiction by statute, as we have indicated.

We are of the opinion that the defendants' third ground of demurrer—that the count did not state a cause of action as required by law—was sufficient and available to each of them.

The judgment of the circuit court is reversed, and the cause is remanded, for the failure to sustain demurrer to count 1.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.