(100 So. 782)

**CHEEK et al. v. ODOM.** (6 Div. 352.)

(Court of Appeals of Alabama. April 8, 1924. Rehearing Denied June 3, 1924.)

**1. Appeal and error ⬡⮞655(2)—Bill purposely containing colloquy and questions and answers to witness not stricken.**

Bill of exceptions containing colloquy between court and attorneys, interspersed with questions to defendant, then being examined as witness, to show alleged prejudicial attitude and demeanor of trial judge toward witness and codefendants, was not subject to motion to strike as not complying with circuit court rule 32 (Code 1907, p. 1526).

**2. Trespass ⬡⮞40(1)—Complaint in Code form sufficient.**

Count for trespass following Code 1907, § 5382, No. 23. *held* to state cause of action.

**3. Pleading** ☞193(8), 352, 428(3)—**Claim of damages not maintainable in trespass not reached by demurrer.**

If, following claim for trespass, plaintiff alleged damages to which he was.not entitled under count in trespass, it could be reached by motion to strike, objections to evidence, and by written charges, but not by demurrer.

**4. Attachment** ☞365—**Sheriffs and constables** ☞134—**All parties assisting in wrongful levy held proper parties defendant.**

One making indemnifying bond to induce wrongful levy, in attachment suit the constable whose deputy made the levy, and the deputy and one who assisted him, were all liable and properly joined as defendants.

**5. Sheriffs and constables** ☞111—**Immunity of sheriffs, where claim interposed for trial of right of property, does not apply to constables.**

Code 1907, § 6049, providing that claim interposed for trial of right of property is release by claimant in favor of sheriff from all damages for seizure, does not apply to constables selected under section 3324 et.seq.

**6. Statutes** ☞181(1)—**Court's duty to give effect to legislative intent.**

Where legislative intent can be ascertained, it is court's duty to give effect to statutes as they are and not as they might or ought to be.

**7. Infants** ☞29—**Not estopped because of failure to assert rights in property at time of levy.**

Infant's failure to declare ownership and assert rights in property at time of wrongful levy did not estop her from bringing action for wrongful taking.

**8. Trial** ☞260(1)—**Refusal of charge covered by general charge not error.**

There was no error in refusing charge which was covered by court's general charge.

**9. Attachment** ☞380—**Trial** ☞251(2)—**Refusal of charge as to title not error in action for wrongful levy.**

In action of trespass for wrongful levy on property, title thereto was not necessarily involved, and charge to find for defendant if jury was satisfied that plaintiff did not own the property, was properly refused, especially where it was abstract.

**10. Trial** ☞210(2)—**Instructions as to disregarding testimony of witnesses held properly refused.**

Instructions authorizing jury to disregard testimony of witnesses, if they had entered into a conspiracy or agreement to defeat the payment of rent and to so testify without regard to truth as would further such conspiracy, and did testify in furtherance of such conspiracy, or if one of them willfully concealed facts known to her, held properly refused.

**11. Trial** ☞252(6)—**Charge not justified by evidence properly refused.**

In action for trespass in making wrongful levy in attachment suit for rent, instruction to find for defendant if plaintiff occupied one room in house and rent was two months in arrears was properly refused, where there was no evidence of subtenancy.

**12. Appeal and error** ☞873(3) — **Denial of new trial, not appealed from in time, not considered on appeal from original judgment.**

Bill of exceptions, complaining of denial of motions for·new trial presented to trial judge more than 90 days after judgment, cannot be considered, on 'appeal from the original judgment.

**13. Appeal and error** ☞305—**Excessiveness of verdict not reviewable on appeal from judgment without exception to denial of new trial.**

Where no appeal was taken from judgment overruling motions for new trial, and no exception on such motion appeared in bill of exceptions on appeal from the original judgment, the excessiveness of the verdict could not be passed upon.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for trespass in taking goods by Emerline Odom, by her next friend, H. S. Odom, against P. E. Cheek, J. D. Carlisle, R. L. Nelson, and Riley H. James. Judgment for plaintiff, and defendants appeal. Affirmed.

P. E. Cheek, as rental agent for L. B. Musgrove, instituted attachment suit in the municipal court, against Mrs. J. P. Helms and Mrs. H. S. Odom to recover house rent, executing bond in the name of his principal and signing the same as surety. The return shows execution of the writ by levying upon the property in suit, and is signed "J. D. Carlisle, Const., by R. H. James, D. C." It appears that defendant Nelson was present and assisting in the levy, that plaintiff made claim to the property and executed replevy bond therefor, and that, on trial of the claim suit, in municipal court, plaintiff here (claimant there) prevailed.

Count A, upon which the case was tried, is as follows:

"A. Plaintiff claims of the defendants $10,000 damages for wrongfully taking the following goods and chattels, the property of the plaintiff, viz.: 1 iron bedstead, 1 mattress, one pair of bed springs, one library table, one davenette, one settee, one sewing machine, two pillows, one morris chair, and as a proximate consequence plaintiff avers that she was deprived of the use of her said property for a long time, that she was greatly humiliated, inconvenienced, embarrassed. and annoyed and was caused to sleep on the floor, and was caused to suffer great mental anguish and physical pain, and was made sick and sore, and was rendered unable to work and earn money, and was rendered permanently less able to work and earn money, and her health and physical stamina were greatly and permanently impaired, and plaintiff's said property was greatly damaged, and was broken and destroyed and rendered permanently less valuable, all to her damage in the sum aforesaid, wherefor this suit."

· ☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

These requested charges were refused to defendants:

"If you are reasonably satisfied from the evidence in this case that Mrs. Odom willfully concealed from this jury any facts with reference to any efforts of Riley James, to obtain signatures to a replevy bond, and that Mrs. Odom knew at the time she made such willfn' concealment that James had made efforts to secure signatures thereto,' and if you further believe that Mrs. Odom did so willfully conceal such facts, with the purpose and intention of deceiving this jury, and to make this jury believe something which Mrs. Odom knew was untrue, you may in your discretion disregard every word of Mrs. Odom's testimony."

"If you believe from the evidence in this case that plaintiff and others have entered into a conspiracy or agreement to defeat the payment of rent to Mr. Musgrove, and to so testify without regard to truth as would further and carry out such conspiracy, and such parties did testify in this case in furtherance of and pursuance of such conspiracy, and did willfully testify facts untruthfully for the purpose of getting money in this case, you may disregard every word to which such witness testified."

"(6) If you are reasonably satisfied from the evidence that the plaintiff did not own the property in question, you cannot find a verdict for the plaintiff."

"(8) If you are reasonably satisfied from the evidence that the plaintiff occupied one room in the house at 605 North Twenty-Sixth street, and that the rent on that house was two months in arrears, then I charge you as a matter of law that the property of the plaintiff in the house would be subject to the landlord's lien for rent, and your verdict cannot be against the defendant."

"(11) If you are reasonably satisfied from the evidence that on the occasion of the levy by the defendants James and Nelson the plaintiff was present and enumerated the articles belonging to her and those articles were turned over to her without being levied upon, you cannot find for the plaintiff in this case."

"(12) If you are reasonably satisfied from the evidence that the plaintiff was present at the time the constable made the levy, and that she enumerated the articles belonging to her and those articles were turned over to her, your verdict will be, 'We the jury find for the defendants.'"

Black, Harris & Foster, of Birmingham, for appellants.

An action for trespass cannot be joined with an action on the case. So. Ry. Co. v. Hanby, 166 Ala. 641, 52 South. 334; National B. & L. Co. v. Wilson, 198 Ala. 90, 73 South. 436. A claim interposed for the trial of the right of property is a release by claimant of all damages for seizing the property. Code 1907, § 6049. Plaintiff, being present and enumerating the articles belonging to her, which were turned over to her, cannot therefore recover damages for the wrongful levy upon property belonging to her and not enumerated. 21 C. J. 1151; Howard v. Coleman, 36 Ala. 721; Harrison v. Pool, 16 Ala. 167.

Horace C. Wilkinson and Charles W. Greer, both of Birmingham, for appellee.

A bill of exceptions that violates circuit court rule 32 should be stricken. L. & N. v. Farmers' Produce Co., 17 Ala. App. 388, 85 South. 578; Gassenheimer Paper Co. v. Marietta Paper Mfg. Co., 127 Ala. 183, 28 South. 564; So. Ry. v. Jackson, 133 Ala. 384, 31 South. 988; Harden v. Bradley, 205 Ala. 487, 88 South. 432. Every person signing an indemnity bond is liable as a trespasser jointly with the officer making the levy, and the officer may be sued for the act of his deputy. Lienkauf v. Morris, 66 Ala. 406; Hood v. Bank, 12 Ala. App. 511, 67 South. 721; Screws v. Watson, 48 Ala. 628; So. Bell T. & T. Co. v. Francis, 109 Ala. 225, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930. A count in code form is sufficient. Miller-Brent Lbr. Co. v. Lunday, 175 Ala. 160, 57 South. 722; Sugar Valley Lbr. Co. v. Johnson, 17 Ala. App. 409, 85 South. 871; Gilliland & Son v. Martin, 149 Ala. 672, 42 South. 7. Infants can do no act which would amount to an estoppel in pais. Gillispie v. Nabors, 59 Ala. 441, 31 Am. Rep. 20; Montgomery v. Gordon, 51 Ala. 377.

SAMFORD, J. [1] The appellee moves the court to strike the bill of exceptions on the ground that the same does not comply with circuit court rule 32 (Code 1907, p. 1526). It is pointed out in brief of counsel that the bill of exceptions appearing in the record contains 17 pages of colloquy between the court and attorneys engaged in the trial, interspersed here and there with questions and answers to Cheek, a party defendant and then being examined as a witness. The contention of appellant is, by exceptions taken and motion for new trial, that the attitude and demeanor of the trial judge was such toward the witness Cheek, he being a party to the suit, as to prejudice the jury against the defendant and his codefendants. For this purpose the colloquy between the judge and the attorneys, as well as the questions to and answers of the witness Cheek are all pertinent to questions involved in this appeal. The motion to strike is overruled.

[2, 3] Count A of the complaint states a cause of action in trespass, following No. 23, section 5382, Code of 1907, and is not subject to any of the grounds of demurrer assigned. Miller-Brent Lumber Co. v. Lunday, 175 Ala. 160, 57 South. 722. If, following the claim for trespass, the plaintiff alleges damages to which he is not entitled under a count in trespass, such claim may be reached by motion to strike, objections to evidence, and by written charges, but not by demurrer. 10 Mich. Dig. 1040, par. 106.

[4] The defendants in this case were all joined and sued as joint trespassers, and there is nothing in the complaint, which is in Code form, to indicate that some were sued

in trespass and some in an action on the case. Such recovery, therefore, that was had must have proceeded and, been based either upon an actual trespass or that such trespass as was committed was aided and abetted by the others. The defendant Cheek is properly suable because he made the indemnifying bond to induce the levy. Lienkauf v. Morris, 66 Ala. 406. Nelson is properly included for, according to plaintiff's evidence, he was present and assisting in the illegal act. James was the officer making the levy, and Carlisle was the constable in chief of James, the deputy, and was constructively present and jointly responsible for the torts of his deputy committed while in discharge of his official duty. This last proposition is clearly stated by Head, J., in So. Bell Tel. Co. v. Francis, 109 Ala. 225, 233, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930.

[5, 6] It is insisted that James and Carlisle, who were constables and making the levy as such, are entitled to the affirmative charge because of the fact that plaintiff interposed a claim bond under the statute and upon a hearing was awarded the property. Unless the above-named defendants are protected by Code 1907, § 6049, the interposition of a claim bond and a recovery by the claimant of the property on the trial of the right of property would not bar a suit and recovery for a trespass in making the levy. Lenoir's Adm'r v. Wilson, 36 Ala. 600. But does section 6049 as it now appears in the Code of 1907 apply to constables selected under sections 3324 et seq. of the Code of 1907? In Clay's Digest, p. 214, par. 68, it was provided that a claim bond granted immunity from all damages to "the sheriff or other officer making the levy." In construing this section, as being in pari materia with sections preceding it, Collier, C. J., used the language above quoted as being the law, and, while the decision of Collier, C. J., does not construe the statute with reference specially to constables, the opinion does carry the language quoted, which is broad enough to include all or any officer having authority to execute the writ. Towns & O'Brien v. Alford & Butler, 2 Ala. 378. This opinion was rendered at the November term, 1841. At some later date the statute as it appears in the Code of 1852, § 2594, was enacted, limiting the immunity. in cases provided to sheriffs. The language of the statute does not include constables, and only by a construction foreign to its language could it be made to do so. Furthermore, we are of the opinion that the action of the legislative body in changing the language of the statute so as to exclude all officers other than sheriffs, after the decision in the Towns & O'Brien Case, supra, clearly evidences the legislative intent to limit the immunity granted to those officers who, by reason of the dignity and importance of their offices and the manner of their selection, would more likely act with wisdom and discretion in executing writs where the sacred rights of the citizen are involved. The converse of the foregoing proposition has, been aptly stated by Thomas, J., in Christian v. Meigs, 210 Ala. 5, 96 South. 318. Where the legislative intent can be ascertained, it is the duty of the courts to give effect to statutes as they are and not as they might, or ought, to be. Charges 2 and 3 were properly refused.

[7] A sufficient answer to the contention of appellant that the court erred in. refusing to give as requested charges 12 and 11 is: The plaintiff is an infant, and, as to such, the doctrine of estoppel because of a failure to declare the truth and assert her rights based thereon at the time of. the levy does not apply in this case. 14 R. C. L. p. 232, note 18; Gillespie v. Nabors, 59 Ala. 441, 31 Am. Rep. 20. There are exceptions to this rule, but the instant case is not so classed. ·

[8] Charge 18 was fully covered by the court in his general charge to the jury.

[9] Charge 6 was properly refused. The title to the property was not necessarily involved. The action of trespass is based on an injury to the possession. Moreover, the charge was abstract. The plaintiff would have been entitled to affirmative instructions that the property was hers if the question had been involved.

[10] There are two charges refused to defendant, not numbered. These charges were properly refused. The rule which authorizes the rejection of the testimony of a witness is stated in Leonard v. State,. 18 Ala. App. 427, 93 South. 59,. and in many other adjudicated cases. We will not extend the rule.

[11] Charge 8 is bad for several reasons; a sufficient reason being that there is no evidence of subtenancy.

[12] The judgment appealed from was rendered February 28, 1923, and on May 26, 1923, a bill of exceptions was presented to the trial judge and was by him signed on August 24, 1923. Following this motions were made by each defendant asking that the judgment be set aside and for a new trial. These motions were heard and denied on May 12, 1923, and exceptions reserved. These facts are shown by a separate bill of exceptions presented to the trial judge on August 15, 1923. The motions for new trial were not incorporated in the first bill of exceptions, nor is there exception therein reserved. The appeal in this case is from the original judgment, and the second bill of exceptions, having been presented to the trial judge more than 90 days from the judgment, cannot be considered on this appeal. General Ordnance Co. v. Bowen, 209 Ala. 574, 96 South. 753. Had the motions for new trial been included in the first bill of exceptions and exceptions to the rulings of the court thereon shown, such exceptions could have been considered, in connection with the other rulings of the court on the trial. Dees v. Lindsey Mill Co., 210 Ala. 183, 97 South. 647.

There is no merit in assignment of error No. 14, no exception appearing in the bill of exceptions.

[13] We cannot pass upon the excessive amount of the verdict. As we have seen, no exception on the motion for new trial appears in the first bill of exceptions and no appeal having been taken from the judgment overruling the motions.

There being no error, the judgment must be affirmed.

Affirmed.