(118 So. 675)

### Ex parte OUSLEY. (1 Div. 824.)

Court of Appeals of Alabama.   June 19, 1928.

Rehearing Denied Nov. 13, 1928.

J. D. Ratcliffe, of Monroeville, for appellant.

Charlie C. McCall, Atty. Gen., for appellee.

SAMFORD, J.  Affidavit was made before M. M. Fountain, judge of probate of Monroe county, charging petitioner with the murder of Cal Casey.  The judge of probate issued his warrant of arrest, and defendant was brought before said judge, who proceeded to examine into the cause, to ascertain (1) if the crime charged had been committed; (2) if there was probable cause for believing that defendant was guilty; (3) if defendant should be discharged; (4) admitted to bail, or committed to jail without bail to await the action of the grand jury.  Proceedings were had in conformity to the statute, the evidence was reduced to writing.  Upon the hearing the judge found that the crime had been committed, and that the proof was evident and the presumption great that the defendant is guilty of murder in the first degree, and bail was thereupon denied.  Petition is here filed, praying for a review of that finding and that bail be allowed.

The decision in the case of Ex parte State, etc., 205 Ala. 11, 87 So. 594, and all decisions prior thereto were based upon the statutes as they appeared in the Code of 1907, article 2, section 6337 et seq., and in preceding Codes.  These statutes have been materially changed as they appear in the Code of 1923, section 3362 et seq., in article 2, under the head of "Bail."  This article seems to be designed to provide a simple, direct, and adequate remedy to those defendants confined in jail, who are by law entitled to bail, either by the terms of the statute or in cases dependent upon the facts.  In this connection attention is called to section 3362, new to the Code of 1923, and brought from Acts 1915, page 809, section 14, which is declaratory of the policy of the state that all parties charged with crime are entitled to reasonable bail, except in certain cases named in the Constitution.  Section 16 of the Constitution provides:

"All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great."

Following this clause of the Constitution and the declared policy of the law-making power, sections of former Codes were amended and rewritten, so as to carry into effect the declared policy of the state regarding such matters. The opinion in the case of Callahan v. State, 60 Ala. 65, is still authority to the effect that application for bail under the above statutes and a petition for bail under a petition for writ of habeas corpus are distinct and separate.

It has always been the law in this state that a person confined in jail under whatever process may by petition for habeas corpus test the right of the state to hold him 'or to fix a reasonable bail. But the remedy here invoked is independent of the statutes affecting habeas corpus. Section 3362 charges the judges, within their respective jurisdictions, with the duty to—

"take care that every prisoner in jail shall have an opportunity to give bail, in cases in which the prisoner is entitled to bail."

Section 3364 provides that:

"When an application for bail is made to any judge [having jurisdiction] such judge may fix the amount of bail."

Section 3367 confers the power and jurisdiction on judges of probate within their several counties, without any limitations as to the terms of court or the process under which prisoners are held. Section 3368 gives to the party denied bail a right of review by this court. None of the above sections appearing in the Code of 1923 have the limitations of similar statutes in former Codes, and referred to and construed by the Supreme Court in the cases above alluded to; nor is there any limitation by reason of any process under which they are being held.

■ In this case the judge of probate makes and signs, under his official seal, the following certificate:

"I, M. M. Fountain, Judge of Probate of Monroe County, Alabama, hereby certify that the above and foregoing is a true, full and correct copy of my order as Judge of Probate made on the application of James Nixon Ousley for bail on the charge of murder as the same appears of record and on file in this office.

"In witness whereof, I hereunto set my hand and official seal, this the 5th day of June, 1928. [Signed] M. M. Fountain, Judge of Probate, Monroe County, Alabama."

This is in the record, accompanied by the "evidence in such case set out on exception," and signed by the judge of probate, and certified to by him. Application is made thereon to this court for review.

While the application for bail before the judge of probate may have been somewhat informal, every prerequisite to jurisdiction is shown by this record, and we are therefore of the opinion that under section 3368, supra, and the decision in Ex parte Croom & May, 19 Ala. 561, the petitioner has pursued the proper remedy, and that the record of proceedings, certified by the judge of probate, is sufficient to give this court appellate jurisdiction in the exercise of a general superintendence of inferior jurisdiction, and is within the purview of sections 7312 and 10276 (3) of the Code of 1923, which we now proceed to exercise according to the spirit of the law as we understand it.

■ For obvious reasons we do not enter into a discussion of the evidence, but we are of the opinion that, upon a consideration of all the testimony, the proof of guilt is not of that high degree which the law requires in order to deny the petitioner bail. It is ordered by this court that the defendant be admitted to bail in the sum of $5,000, conditioned as required by law, to be taken and approved by the sheriff of Monroe county.

Petition granted. Bail fixed at $5,000.

### On Rehearing.

Opinion substituted. Application overruled.

BRICKEN, P. J., dissents.