103 So.2d 51

### Ex parte Willard RALPH.

8 Div. 401.

Court of Appeals of Alabama.

May 20, 1958.

Noble J. Russell and Robt. Straub, Decatur, for petitioner.

John Patterson, Atty. Gen., Geo. Young, Asst. Atty. Gen., and Geo. Johnson, Circuit Solicitor, Athens, for the State.

PER CURIAM.

The defendant is held in custody by the Sheriff of Morgan County under affidavit and warrant charging him with rape.

A preliminary hearing was had, on March 20, 1958, before Honorable W. H. Long, Judge of the Morgan County Court of Morgan County, Alabama. Upon the hearing an order was issued by the Judge remanding defendant to jail without bail to await the action of the grand jury. Application for bail has been filed in this court under the authority of Ex parte Ousley, 22

Ala.App. 619, 118 So. 675, and Ex parte Stokley, 34 Ala.App. 576, 41 So.2d 780. The certified transcript of the evidence taken at the preliminary hearing is attached as an exhibit to said application.

The State has filed a motion to dismiss the petition on the ground that said application was filed under the provisions of Section 193, Title 15, Code 1940, which section confers on Circuit Judges and Judges of Probate the power and jurisdiction to admit to bail, but that no such authority is conferred upon the Judge of the Morgan County Court; that no application having been made to a Circuit Judge or Judge of Probate entitling petitioner to apply to this court for review of an adverse ruling thereon as provided by Title 15, Section 193, Code. This court is without jurisdiction to entertain the application for bail.

■ We are of opinion the motion is without merit. Upon a consideration of the statute creating the Morgan County Court, as last amended by Act No. 66, Local Acts of Alabama, 1947, we conclude that insofar as preliminary proceedings are concerned, said Act confers upon the Judge of said court the power and authority to issue special and extraordinary writs and to admit to bail commensurate with that of Judges of the Circuit Court. The motion is denied.

■ After a careful consideration of the testimony we are of opinion the proof is not of that high degree justifying denial of bail under the principles of law set out in Colvin v. State, 36 Ala.App. 104, 53 So. 2d 99, and Robinson v. State, 36 Ala.App. 528, 60 So.2d 302.

It is ordered that the defendant be admitted to bail in the sum of $5,000, conditioned as required by law, to be approved by the Judge of the Morgan County Court or by the Sheriff of Morgan County in compliance with Section 194, Title 15, Code 1940.

Application for bail granted.