## No. 10,643.

ENGINEERS CONSTRUCTION CORPORATION *v.* TOLBERT, ET AL.

Decided February 4, 1924.

Bill of interpleader. · Judgment for defendant.

### *Reversed.*

1. INTERPLEADER—*Equity.* Equity will not leave a complainant in a position where he may be compelled to pay a debt twice. Complaint held sufficient to require defendants to interplead.

2. *Answer—Demurrer.* Where an answer to plaintiff's bill of interpleader furnished no reason why the relief should not be given, and amounted only to a claim against the fund, it is held that a dismissal of the bill was error.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. HERBERT M. BAKER, Mr. ROY M. BRIGGS, for plaintiff in error.

No appearance for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE court below overruled a demurrer to the further and separate answer of defendant Tolbert to plaintiff's bill of interpleader, the plaintiff stood by the demurrer, and, upon judgment against him, brings error.    There is no brief nor appearance for any defendant in error.

The plaintiff was engaged in constructing a road under contract with the state highway department.    It let a subcontract to defendant in error Lafferty to furnish sand and gravel.    Lafferty completed his contract and plaintiff paid him all but $513.    Tolbert had done part of Lafferty's work and sued plaintiff before defendant in error, Briggs, a justice of the peace, for a balance of $186, claiming that he was employed by plaintiff and not by Lafferty.    The plaintiff then brought this suit to compel Tolbert and Lafferty to interplead, praying an injunction against the justice of the peace suit, and brought the $513 into court.

Lafferty answered that he had employed Tolbert and paid him in full, and therefore claimed the whole fund. Tolbert answered alleging that plaintiff employed him and still owed him a balance of $186.    When the plaintiff stood by its demurrer to this answer the court dismissed the bill and rendered judgment against the Company in favor of Tolbert for $192.    Lafferty also demurred to Tolbert's answer, and moved for judgment on the pleadings.    This demurrer was overruled and the motion denied.

The dismissal of the bill was error.    We do not care particularly whether this is technically a pure bill of interpleader or a bill in the nature of a bill of interpleader, or whether cases be found which hold that, since Tolbert claims a contract directly with the Construction Company, the matter is not one for interpleader.    "The complainant without fault on his part is in a position where he may be compelled to pay the same debt twice.    Equity will not leave him in that position.    If no remedy for such a wrong existed, it would be the duty of a court of conscience to invent one."    *Illingworth v. Rowe*, 52 N. J. Eq. 360, 365,

28 Atl. 456, 458.   If Tolbert had brought suit in a court of record instead of before a justice of the peace plaintiff could have had relief under § 18, Code of 1921.

The complaint, then, stated a good ground for requiring Lafferty and Tolbert to interplead.   *Newhall v. Kastens,* 70 Ill. 156; *Illingworth v. Rowe, supra;* and Tolbert's answer furnished no reason why such relief should not be given, but amounted, if anything, to a claim against the fund.   *Smith v. Mosier,* 169 Fed. 430, 440; *Wilmer v. Phil. &c Co.,* 124 Md. 599, 93 Atl. 157; *Wakeman v. Kingsland,* 46 N. J. Eq. 113, 18 Atl. 680.

Some of the allegations of the complaint seem to have been denied in that part of Tolbert's answer not demurred to.   If these denials raise material issues, such issues should be tried.   Lafferty and Tolbert should be ordered to interplead, if their present pleadings are not sufficient for that purpose; the issues made up between them should be tried, and upon final decree the fund should be distributed according to their respective rights.   15 R. C. L., 232 § 15. Since the defendants have not appeared here we express no opinion as to the merits of the matters between them.

Judgment reversed and cause remanded for further proceedings not inconsistent herewith.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.