No. 12,709.

MASON ET AL. *v.* LE CLAIR MINES COMPANY ET AL.

(296 Pac. 543)

Decided February 24, 1931.

Mr. Fred L. Shaw, for plaintiffs in error.

Mr. Hildreth Frost, for Le Clair Mines Company.

No appearance for other defendants in error.

*In Department.*

Mr. Chief Justice Adams delivered the opinion of the court.

This matter is before us on writ of error and application for supersedeas. It involves a dispute over certain proceeds of shipments from a mine owned by Le Clair Mines Company, hereinafter called the lessor. The lessor disclaims any interest in the fund in question. This fund, which amounts to the sum of $324.76, is claimed on the one hand by Mason and Burns, hereinafter called the lessees, and on the other by Green, Dryer and Bertsch, hereinafter called the sublessees. All parties are before us, the lessees as plaintiffs in error and the lessor and sublessees as defendants in error. The lessor filed a complaint in the nature of an original bill of interpleader in the district court against respondent lessees and sublessees to compel respondents to appear and set forth their respective claims and demands as against each other. All parties before us were parties in the district court. Burns, one of the lessees, and Bertsch, one of the sublessees, were not parties respondent to the original bill, but were brought in later on motion and are treated as though they were original par-

ties. Mason, now considered as Mason and Burns, lessees, filed a combination demurrer and answer to lessor's bill of interpleader. Both in the district court and here, the demurrer feature was and is argued and considered separately from other parts of the lessees' answer. The trial court overruled the demurrer, lessees elected to stand thereon and consented that "judgment" be entered against them, though the nature of the judgment to which they consented does not appear. Upon over-ruling lessees' demurrer, the court entered final judgment against them, in which the court determined that lessees, "having elected to stand on the demurrer are without right to participate in said fund." Lessees prosecute error to review such ruling and final judgment. The chief matter, if not the only question, to be considered by us is the sufficiency of lessor's original bill of interpleader, as tested by the demurrer, and the propriety of the judgment as entered against the lessees.

In substance, the bill of interpleader shows that plaintiff lessor is the owner of the mine; that it has the fund in its possession; that plaintiff does not claim it, but that it is claimed on one side by the lessees and on the other by the sublessees; that plaintiff is only a stakeholder and has no interest in such fund other than that it be paid to the person lawfully entitled thereto; that a bona fide controversy exists, that further controversies are threatened and that plaintiff is not acting in collusion with any of the defendants. Plaintiff impartially sets forth the several claims of respondents as plaintiff understands such claims to be. In the fourth paragraph of the bill of interpleader, plaintiff alleges that all parties had theretofore agreed upon a certain method of distribution of the proceeds of shipments from the mine, which method was described in the complaint and which plaintiff averred had been followed. The bill concludes with a prayer that respondents be required to interplead and set forth their rights and demands as between them-

selves and against each other and that the plaintiff be relieved of responsibility or liability.

On the same day that the petitioning lessor filed its bill of interpleader, the petitioner and respondents appeared in open court and stipulated that the interpleader be allowed and the petitioner be permitted to pay the fund into court. It was so ordered, the money to be held subject to the further order of the court. Later, pursuant to stipulation, the order requiring respondents to interplead was modified so as to be without prejudice to rights claimed by respondents in other ore shipments.

Considerable delay ensued after the consent order allowing lessor's bill of interpleader, and various motions, pleadings and orders not germane to the matter before us, followed such proceedings, leading up to lessees' demurrer, and the rulings to which they assign error. The demurrer is directed particularly to the fourth paragraph of lessor's bill, but attacks the sufficiency of the complaint as a whole, in the concluding words of the demurrer, that by reason of certain argumentative matter in the demurrer, "the said bill does not state facts sufficient to constitute a cause of action." We treat it as a general demurrer.

The assignments of error may be grouped as follows: First, that the court erred in overruling lessees' demurrer to the bill of interpleader; and, second, that the court erred in its judgment that the lessees are without right to participate in the fund in dispute.

■■ 1. The bill of complaint sets forth sufficient grounds for requiring the respondents to interplead. *Engineers Construction Co. v. Tolbert,* 74 Colo. 542, 223 Pac. 56. Furthermore, since the respondents, including the lessees as well as sublessees, stipulated in open court that the bill of interpleader be allowed, and that the lessor be permitted to pay the money into court, which was done, to abide its further orders, and pursuant to such stipulation the court ordered respondents to interplead, none of them are now in a position to say that they

will not do it. By their stipulation, the lessees waived technical defenses that they now assert against the bill.

 2. Notwithstanding the fact that the trial court was right in overruling the demurrer to the bill of interpleader, it does not necessarily follow that because of this, the lessees' second assignment of error is without foundation. This assignment is to the effect that the court erred in its determination that because the lessees elected to stand on their demurrer, they are denied the right to participate in the fund in dispute. If the bill of interpleader is sufficient, as the district court said, and as we say, it is, what is the result? It does not mean that respondent lessees are out of court, but that they are in. It means that they are in fact impleaded by order of the court, and that the respondent lessees and sublessees must litigate their conflicting claims to the fund in this proceeding, and not elsewhere, which is the primary purpose of lessor's bill of interpleader. The "judgment" to which the lessees consented, under the state of this record, should have been entered as a judgment or order that the lessees be impleaded. This was the question raised by the general demurrer and it does not appear that the lessees' consent went any further or that they waived their claims to the fund. Taking the allegations of the bill as true, which must be done for the purpose of such demurrer, it follows from the bill itself that the lessees, as well as the sublessees claim the fund, adversely to each other, but a judgment excluding the lessees from participation in the fund involved, without pleading or proof, defeats the purpose of the complaint as a bill of interpleader, besides prematurely denying the lessees' claim to a fund to which it may develop they are rightfully entitled. The judgment is therefore wrong in this respect.

 3. Counsel for the lessor has furnished us with a long list entitled "Memorandum of Proceedings," which purports to contain a record of various motions, pleadings, affidavits, notices, orders, and proceedings had

in the present matter before the district court, which counsel for the lessor has verified as being correct, and desires us to take into consideration. They are not certified by the lawful custodian of such records, the clerk of the district court, and are not properly presented to us as a supplemental record of the proceedings, so that, whatever their bearing, we must disregard them.

We approve of the order overruling the demurrer, but the judgment excluding the lessees from participation in the fund involved is reversed. The cause will be remanded for further proceedings not inconsistent with this opinion.

MR. JUSTICE BUTLER, MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.