(112 So. 330)

**YEARWOOD v. FRENCH.    (8 Div. 942.)**

Supreme Court of Alabama.    April 7, 1927.

1. **Animals ⬤⇒51—Claims for former trespass by cattle seized cannot be joined by separate count· with claim for trespass at time of seizure    (Code 1923, §§ 10220, 10221).**

In proceedings by owner under Code 1923, §§ 10220, 10221, for recovery of cattle seized, claims for former trespass of cattle cannot be joined by separate count with claim for damage caused by the cattle at or about time of the seizure. · .

2. **Animals ⬤⇒51—Claims for trespass by cattle during year preceding seizure are recoverable by ordinary suit at law, and lien attaches only after judgment (Code 1923, §§ 10215, 10220).**

Claims for trespass of cattle during year preceding seizure thereof under Code 1923, § 10220, are recoverable under § 10215 by ordinary suit at law, and lien does not attach until judgment is recovered.

Appeal from Circuit Court, Limestone County; James E· Horton, Judge.

Petition by Homer L. French (owner of cattle seized), under Code 1923, § 10220, against Hoyle Yearwood. From a judgment sustaining demurrer to his· answer, or complaint, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

J. G. Rankin, of Athens, for appellant.

All actions ex delicto may be joined in the same suit. Code 1923, § 9467; McDougal v. A. G. S., 210 Ala. 207, 97 So. 730; T. A. & G. v. Cavin, 16 Ala. App. 242, 77 So. 80; Curry v. Lehman, 55 Fla. 847, 47 So. 18; 25 R. C. L. 1061.

Fred Wall and D. L. Rosenau, Jr., both of Athens, for appellee.

A special mode of procedure is provided by Code, §§ 10216–10220, for adjustment of disputes relating to cattle running at large; and the statutes dealing with pleading and practice in civil cases do not apply. 25 R. C. L. 1010; Birmingham v. Southern Exp. Co., 164 Ala. 529, 51 So. 159; Linton's Appeal, 104 Pa. 228; Wallace v. Seales, 36 Miss. 53.

BOULDIN, J. The aim of section 10220 of the Code is to prescribe the conditions upon which the owner of live stock shall regain possession of same when seized while running at large in a stock law district and trespassing upon the lands of another; and for the disposition of the stock on failure to reclaim. It provides first for reclaiming the property by paying a judgment already rendered in a summary proceeding against the stock. Where the owner is known, notice has been given him, and the parties fail

---

to agree, a summary proceeding is provided wherein either party may proceed before the justice to have tried the issue as to the lawfulness of the seizure, the amount of damages, fees, costs, and expenses, under the provisions of the article. Further provisions relate to replevy of the stock, its surrender and sale, if the judgment is not paid. Section 10221 provides for sale in case it is not replevied and the judgment remains unpaid.

[1] The damages involved are such as have been caused by the stock at or about the time of seizure. It is not contemplated that the right to seize and hold shall relate back to and include claims for injury to crops the preceding year.

[2] Claims of that sort are to be recovered by an ordinary suit at law. The lien does not attach until judgment is recovered. Section 10215. In either case, the lien is limited to live stock causing the injury in controversy.

The court properly held the claim for the former trespass could not be joined by separate count in the proceeding instituted under section 10220. It is not a question of joinder of causes of action under the general statute, but the scope and purpose of the proceeding under section 10220—a speedy adjustment and reclamation or other disposition of the property seized.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.