(137 So. 313)

## BAGLEY v. PRESTWOOD.

4 Div. 766.

Court of Appeals of Alabama.

Aug. 4, 1931.

Rehearing Denied Oct. 6, 1931.

J. L. Murphy, of Andalusia, for appellant.

Marcus J. Fletcher, of Andalusia, for appellee.

RICE, J.

Appellant was in possession of a field or farm, located within a Stock Law District. Code 1923, § 10212.

Some cattle belonging to appellee were running at large, entered said field or farm of appellant, and were by him. thereupon, taken up and held for the damages he claimed was done to the crops growing in said field.

Appellee brought this suit, in detinue, for the recovery of his cattle.

The trial court gave to the jury, at his request, the general affirmative charge to find in his favor.

It refused to give to the jury the general affirmative charge in favor of appellant which. was duly requested.

The two actions alluded to are the only ones we consider necessary to be here treated.

So far as we know, or are advised, all the law with reference to the controversy giving rise to this litigation is that contained within article 1 of chapter 345 of the Code of 1923 (sections 10207—10222), together with such construction as may have been placed thereon, or any section thereof, by the Supreme Court, or this court.

The Supreme Court has already said (Yearwood v. French, 216 Ala. 42, 112 So. 330): "The aim of section 10220 of the Code [one of the sections, we interpolate, of article 1 of chapter 345 of the Code of 1923, supra] is to prescribe the *conditions* upon which the owner of live stock shall regain possession of same when seized while running at large in a stock law district and trespassing upon the lands of another," etc. (Italics ours.)

We think it reasonably apparent that the said honorable court *would* have said, also, if it had felt called thereto, that this same section 10220 of the Code aimed to prescribe the *method* by "which the owner of live stock shall regain possession of same when seized while running at large in a stock law district," etc., especially where, as here, it appears that the parties were "unable to agree upon the amount of damages, fees, costs, and expenses due," etc.

At any rate, such is *our* view, so we hold that the action of detinue, under the circumstances here shown without dispute, would not lie.

And that hence the trial court was in error in giving at appellee's request the general affirmative charge to find in his favor, and in refusing to give at appellant's request the general affirmative charge to find in *his* favor.

The judgment is reversed, and the cause remanded.

Reversed and remanded.