(137 So. 314)

## BAGLEY v. PRESTWOOD.

### 4 Div. 603.

Supreme Court of Alabama.
Oct. 29, 1931.

Marcus J. Fletcher, of Andalusia, for petitioner.

J. L. Murphy, of Andalusia, for respondent.

**FOSTER, J.**

Petitioner insists that the fault with the opinion of the Court of Appeals is in the fact that it loses sight of the conflict in the evidence as to whether notice was given him by appellant within twenty-four hours as required by section 10216, Code. Argument is made that in the absence of such notice petitioner was not bound to proceed under section 10220, though the amount of the damages, etc., could not be agreed on by the parties, and without such notice all claim for damages was released.

It is also pointed out that the record shows that on the second day after the cattle were taken up by appellant, petitioner himself went for them, and appellant refused to let him have them because they were not able to agree on the amount of the damages. This of course shows that petitioner then had notice.

The purpose of the notice required by section 10216 is that the owner may have the information mentioned in it. If he otherwise is so informed, obviously the character of the notice is immaterial. Tidwell v. Robinette, 12 Ala. App. 655, 68 So. 555. If the owner is not informed within the twenty-four hours mentioned in section 10216, whether the claim upon the trespassing cattle for the damage done and the costs and expense incurred during the period beginning twenty-four hours after taking up the cattle and extending to the time when the owner was in fact, though otherwise, informed, should be allowed under section 10220, is a question not now before us. But we see no authority for the claim that the want of such notice would relinquish the claim of the one who takes up the cattle upon them for the damage, costs, and expense, which accrued prior to the hour and day when he should have given notice as required, if such owner did otherwise receive the information, though after the expiration of twenty-four hours.

We think that when petitioner did have information that his cattle were taken up, and there had been in fact damage done by them for which he was due to pay, he could not sue in detinue without paying or tendering the amount of the damage claimed by appellant, but that he should have pursued the

method provided by section 10220. So that we cannot agree with the argument of petitioner that the opinion of the Court of Appeals is not correct, though there may be a dispute about whether the notice was given within twenty-four hours, and though the jury should find that such notice was not given.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.