## PRESTWOOD v. BAGLEY.

### 4 Div. 691.

Supreme Court of Alabama.

Oct. 5, 1933.

E. O. Baldwin and Powell, Albritton & Albritton, all of Andalusia, for appellant.

J. L. Murphy, of Andalusia, for appellee.

BOULDIN, Justice.

Thirteen head of cattle, owned by **J. A.** Prestwood, and found at large in a stock law district, were taken up by Tom Bagley, who claimed damages to crops, etc. Code, § 10216.

Without proceeding to have the damages, costs, and charges ascertained (Code, § 10220), Prestwood brought suit in detinue.

It appears the right of Bagley to detain the cattle was challenged for failure to give notice to the owner within twenty-four hours, as per section 10216.

This contention was not sustained on appeal (Bagley v. Prestwood, 24 Ala. App. 485, 137 So. 313; Id., 223 Ala. 521, 137 So. 314), and after reversal judgment went for defendant in the detinue suit.

On the institution of that suit plaintiff, Prestwood, executed a detinue bond, obtained a writ of seizure, and, defendant failing to give a replevy bond (Code, § 7389) plaintiff executed a forthcoming bond (Code, § 7391) and retained possession of the property pending the suit.

Therefore, on finding the issues for defendant, the court rendered judgment in his favor for the property or its alternative value and costs of suit. Code, § 7392.

Plaintiff failing to deliver the property within thirty days thereafter, the bond was returned forfeited, and execution issued thereon for the alternate value of the property and costs. Section 7394, Code.

Thereupon the present bill in equity was filed by Prestwood, averring that the damages and expenses due Bagley in the first instance did not exceed $15, while the assessed value of the property was $325; that Bagley merely had a lien upon the property for his lawful charges under the stock law; that causing a return of forfeiture on the bond and execution for the full value of the property was oppressive and fraudulent. The bill prays that the amount of such damages, expense, and costs be ascertained, that complainant be permitted to pay same and redeem the property, and thereupon the judgment in detinue be canceled or enjoined.

The present appeal is from a decree sustaining demurrers to the bill.

Appellant relies upon Woodruff v. Stough, 107 Ala. 314, 18 So. 258, as supporting a charge of fraud. In that case plaintiff sued in detinue and gave bonds as here. On suggestion that plaintiff claimed title under mortgage, the amount of the mortgage debt was ascertained, and in that proceeding defendant claimed and obtained credit for the value of the property at foreclosure sale made by plaintiff pending the suit. Defendant paid the balance ascertained to be due on the mortgage and costs of suit, and thereupon caused the forthcoming bond to be returned forfeited and execution to be issued as here. Held, that by his own election defendant had obtained credit for the value of the property, vesting title in the purchaser at foreclosure sale, ending all right to a return of the property, and his action in causing execution to issue on the bond was a fraud.

That case is manifestly distinguishable from this. Here the possessory right of the defendant in detinue had not been surrendered. The judgment in detinue conformed in all respects to the statutes, and entitled defendant to a return of forfeiture on the bond on failure to surrender the property that it might be subjected to the charges thereon under stock law proceedings.

■ The bill was subject to demurrer in so far as it proceeds on the theory of fraud.

But it does not follow there is no equity in the bill. Taking its averments as true, the defendant had only a retention lien or charge on these cattle for an amount out of all proportion to their value. Our detinue statutes, while quite convenient and adequate when the issue is one of ownership, or where plaintiff sues as mortgagee, makes no provision to adjust the rights and equities of the parties where defendant has merely a possessory right in the nature of a retention lien as security for charges of the character here involved.

■ Fraud or mistake is not the sole ground of equitable relief against judgments at law.

"As a general rule any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, * * * will authorize a court of equity to enjoin the adverse party from enforcing such judgment." 34 C. J. p. 444, § 698.

The inadequacy of legal remedies by reason of their rigid and inflexible character, and their want of jurisdiction to deal with equitable rights and titles, is a basic ground for equity jurisdiction. 21 C. J. p. 70, §§ 44, 45-b, 46-c, 47-d.

These principles have application here.

The bill, however, should more fully aver the facts on which such jurisdiction rests.

Among other things, it discloses no reason for failure to surrender the property pursuant to the judgment in detinue, whereupon legal remedies would have been open to ascertain the charges, and, on satisfaction of same, a release of the property obtained. If the cattle were still in plaintiff's possession when the judgment in detinue was rendered, there was no inadequacy of remedy at law.

■ But we would not say that equity required plaintiff to hold thirteen head of cattle for more than two years during which the detinue suit was pending, if the loss and expense thereof would be out of proportion to the amount of charges thereon in the stock law proceeding.

■ The bill should also contain a full offer to do equity. The equity court should thus be invited to do complete equity by adjusting all the rights of these parties growing out of the original claim under the stock law as well as all demands growing out of the detinue suit, such as costs of that suit and damages, if any, on the detinue bond.

This will suffice for guidance in the further conduct of the cause.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.