172 So. 910

### HARBIN v. BURROW et al.
### 8 Div. 486.

Court of Appeals of Alabama.

Feb. 14, 1937.

Rehearing Denied March 2, 1937.

Wm. L. Chenault, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellees.

BRICKEN, Presiding Judge.

Appellant sued the several named appellees for the conversion of a heifer cow about eighteen months old. This case was tried by the court without a jury. The court after having heard and considered the evidence rendered judgment for the defendants, and from such judgment this appeal was taken.

There are several assignments of error, but it appears that the principal insistence of error is based upon the action of the court in overruling plaintiff's objection to the introduction in evidence on this trial of the judgment of the justice of the peace rendered in said court for the condemnation of the heifer cow in question. In this connection counsel for appellant in brief states: "We have seven assignments of error in this case. The trial court overruled our objection to the introduction in evidence in this case of the judgment of the Justice of the Peace against J. S. Harbin for the condemnation of this cow. The court further rendered judgment against this appellant as plaintiff, and overruled the motion for a new trial in this case. We set up all these matters in these assignments of error, but I will argue them as really setting up one proposition."

There was no error in the ruling of the court in overruling plaintiff's objection to the introduction in evidence of the judgment of the justice of the peace in the condemnation proceedings of the heifer cow, the subject-matter of this suit.

There are two phases of this case, either of which, if established, would justify the trial court in rendering the judgment complained of.

The evidence, without dispute, disclosed that the animal in question was running at large and upon the lands of Will Burrow, one of the appellees in this case, and that these lands were in a stock law district. In fact, it appears that all the parties to this proceeding live in precinct No. 9 of Franklin county, where stock law prevailed and was in force. That certain damages were suffered by said Burrow by injury to his lands and to certain crops there-

on. That Burrow, acting under the provisions of sections 10216 et seq. of the Code 1923, took possession of the said animal and proceeded throughout, as the statute provides, to have said animal condemned and sold in satisfaction of the undisputed and unpaid amount of damages he claimed to have suffered.

■■ If the heifer cow in question belonged to and was the property of J. S. Harbin, the husband of plaintiff, this action could not be maintained by his wife. On this question the evidence, upon this trial, was in conflict, and if the trial court so adjudged, this court would not be justified in disturbing his finding in this connection, it being a question of fact for the court to determine, and under the law the trial court's conclusion would have the force and effect of a verdict of a jury.

■ As to the second proposition, it affirmatively appears that the condemnation proceeding in the justice of the peace court was uncontested, and the presumption here will be indulged that it was regular in all respects, nothing appearing to the contrary, and no point of decision is raised on this question.

■ It appears, without dispute, that all parties to this proceeding, including the plaintiff in this case, and also her husband, had due and actual notice of the condemnation proceedings, but plaintiff made no effort either to defend the same by interposing or setting up her claim, or to pursue the method provided by the statute for an ascertainment at the instance of an aggrieved owner of live stock. Section 10220 of the Code 1923 is clear and explicit as to the mode of procedure and the rights of owners of stock to protect their interests in proceedings of condemnation. The plaintiff in this case having had, as stated, due and actual notice and having failed to appear in the proceedings instituted by Burrow, as aforesaid, she is bound thereby and cannot attack the condemnation judgment collaterally.

We pretermit other questions which could be discussed, as from what has been said the judgment rendered by the court in this case must be and is affirmed. Bagley v. Prestwood, 24 Ala.App. 485, 137 So. 313; Bagley v. Prestwood (on certiorari) 223 Ala. 521, 137 So. 314.

Affirmed.