**BARNARD KILGORE v. ELVA GRACE COLE formerly ELVA KILGORE.**

22 So. (2nd) 577                                  June Term, 1945
June 19, 1945                                             En Banc
Rehearing denied July 12, 1945

*Erle B. Askew,* for petitioner.

*Anna A. Krivitsky, Howard E. Joseph, W. G. Ramseur* and *J. Lewis Hall,* for respondent.

PER CURIAM:

This cause having heretofore been submitted to the Court on petition for writ of certiorari upon the transcript of record and briefs and the record having been inspected, it is ordered that said petition be and the same is hereby denied.

CHAPMAN, C. J., BROWN, THOMAS and SEBRING, JJ., concur.

TERRELL, BUFORD and ADAMS, JJ., dissent.

TERRELL, J., dissenting:

On May 29, 1943, respondent secured a judgment against petitioner in the sum of $20,000 for the alienation of her (respondent's) husband's affections. After the judgment was entered, the husband filed suit against respondent for divorce and she in turn filed a counterclaim and cross-claim against him for divorce, support, and maintenance. During the pendency of the latter suit, the parties entered into a settlement agreement whereby the husband paid respondent $5,000 in full settlement of her claim for maintenance and support and in addition thereto $2,000 for her counsel fees and expenses.

In February, 1945, petitioner filed his bill of complaint in this suit seeking to enjoin the enforcement of respondent's $20,000 judgment against him and to have credited against it the amount of the judgment entered in the divorce settlement heretofore referred to. A motion to dismiss the bill of complaint was granted and that judgment is here for review on certiorari.

The question for determination is whether or not petitioner is entitled to have the judgment secured against him in the alienation of affections suit credited with the amount of the judgment secured in the divorce suit.

The judgment for alienation of affections was secured on the theory that Barnard Kilgore sent the husband of respondent beyond the limits of the State where he was not amenable to process of the court where he could not be required to

support his wife, and furnished him support while there. In other words, support and maintenance was one of the main elements on which the judgment was predicated. In the divorce suit, the compromise judgment was also predicated on support and maintenance.

The purpose of this suit is to avoid so much of the judgment in the alienation of affections suit as was equal to the judgment in the divorce suit since the same elements were involved in both suits. The judgments both contemplated support and maintenance for the wife and the evidence had relation to like periods of support.

In this state of facts, we think the relief prayed for should have been granted. Any state of facts arising prior to or subsequent to the entry of a judgment that would render it inequitable to be enforced may be availed of to avoid it. Prestwood v. Bagley, 227 Ala. 316, 149 So. 817; Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816. The divorce suit settlement and judgment had not been consummated at the time of the judgment complained of so it could not have been offered in mitigation of damages.

It is a settled principle of law that an injured party is not entitled to but one satisfaction for the same cause of action regardless of the field in which it arises. Since this is the rule and the judgments complained of were to the extent of the latter a duplication as to purpose and elements satisfied, we think equity is clothed with power to grant the relief sought. Equity will invent a remedy to avoid payment of a debt twice when there is no fault on the part of the one charged. Engineers Construction Corp. v. Tolbert, 74 Col. 542, 223 Pac. 56.

We think the judgment appealed from should be reversed.