54 So.2d 792

## COFFEE COUNTY v. BERRY.

### 4 Div. 675.

Supreme Court of Alabama.

Nov. 1, 1951.

J. C. Fleming, Elba, for petitioner.

C. L. Rowe, Elba, and Walters & Gibson, Troy, opposed.

FOSTER, Justice.

■ This suit is against the county of Coffee for damages to plaintiff's motor truck as the result of an alleged defect in a bridge. For such damage there was and is a statutory liability under section 2512, Code of 1896, in effect when the bridge was built in 1897, see, section 57, Title 23, Code of 1940, and applicable when the statutory conditions of such liability were met and

when the failure of the county to keep the bridge in repair was negligent,—the bridge having been built by contract without a statutory bond or after it had expired. Hovater v. Franklin County, 217 Ala. 439, 116 So. 526.

There was no demurrer to the complaint taking the point that it does not allege negligence.

The trial court gave the affirmative charge for plaintiff. On appeal the Court of Appeals states the only point raised by appellant is giving that charge. The Court of Appeals then proceeds to set out the evidence material to that inquiry and holds that giving the charge was justified by the evidence as recited. In reciting the evidence that court agreed with the trial court that it was permissible " 'to show that along about that period of time the County was contracting steel structures, * * *' and that 'due to the long lapse of time from 1897 and 1901 to the present time, I (trial judge) think the court is justified in permitting it in evidence even though to some extent it might be remote, because it is difficult for it to be proven otherwise.' " This was said in connection with evidence offered by plaintiff over defendant's objection that the minutes of the commissioners' court in 1901 "pertains to a contract made between Coffee County and the Converse Bridge Company pertaining to a steel bridge across the Pea river at Alberton."

 We judge from the opinion of the Court of Appeals that the legality of such evidence was not argued on the appeal before that court made its decision. But it now appears that it was made on application for rehearing. The opinion of the Court of Appeals must be given the effect that it was not made at the time their opinion was acted on by the court. In fact, an examination of the record shows that the only assignments of error relate to the affirmative charge. That was therefore the only matter under review by the Court of Appeals, and that is not questioned on this application for certiorari. Usually when an issue is to be determined by inferences from circumstantial evidence, the jury should decide it. See, Mutual Life Ins. Co. v. Maddox, 221

Ala. 292(3), 128 So. 383; New York Life Ins. Co. v. Torrance, 228 Ala. 286, 153 So. 463; Batson v. Birmingham Trust & Savings Co., 241 Ala. 629(3), 4 So.2d 307.

We are not privileged to review the decision of the Court of Appeals as to the admissibility of the evidence referred to above, because it was not included in the contention made in that court except on rehearing, and not assigned as error; nor are we privileged to review the decision of the Court of Appeals in holding that the trial court correctly gave the affirmative charge for plaintiff because no sufficient insistence is made in brief on this petition for certiorari.

Writ denied.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.