122 So.2d 142

### Arthur GLOVER

v.

### A. M. PUGH.

### 3 Div. 35.

Court of Appeals of Alabama.

March 17, 1959.

Rehearing Denied April 7, 1959.

Arthur Glover, appellant pro se.

Knabe & Nachman, Montgomery, for appellee.

**HARWOOD, Presiding Judge.**

The proceedings below originated with Arthur Glover suing A. M. Pugh in detinue claiming two head of cattle.

Pugh filed a plea in recoupment, said plea sounding in trespass, and claiming damages for penning, feeding, watering, and for injuries to his feed troughs and fences resulting from the alleged trespass on his land by four head of Glover's cattle.

Glover filed a motion to strike the plea in recoupment on the grounds that no paper or instrument was issued to the sheriff authorizing the execution or service by the sheriff of plea of recoupment on Glover. This motion was denied by the court below and is the basis of appellant's assignment of error No. 2.

In this regard the record shows that the plea in recoupment bears an endorsement of the Sheriff of Montgomery County showing it was executed by serving a copy upon Glover on 16 April 1957.

Sections 359–362, Title 7, Code of Alabama 1940, provide that upon a filing of a plea in recoupment the clerk of the court

shall issue a copy of the same to the sheriff who shall serve the plaintiff or his attorney of record in the same manner that copies of complaints are now served and make his return upon the original plea.

Section 182 of Title 7, Code of Alabama 1940, provides that all civil actions, *except in such cases as are otherwise provided*, must be begun by the filing of a summons and complaint.

■ The purpose of a summons is to inform a defendant of the action against him. Ward v. Manly, 113 Ala. 631, 21 So. 307. A plaintiff having filed a suit cannot but know of its pendency. Probably for this reason, the statute provides only that a copy of a plea of recoupment need be served. There is no requirement for the clerk to issue a summons.

It is apparent from the record that the plea of recoupment was filed with the clerk, a copy served by the sheriff upon the plaintiff. This is all that Section 359, supra, requires. The court therefore did not err in denying appellant's motion to strike the plea in recoupment.

A jury trial upon the issues resulted in a verdict for the defendant-appellee in the detinue suit, and a verdict for the defendant upon his plea of recoupment, with damages of $174.

The plaintiff below has perfected his appeal from the judgment entered pursuant to such verdicts.

Assignments 3 and 4 assert as error the action of the court in overruling the plaintiff's demurrers to defendant's plea of recoupment.

The plea claimed by way of recoupment One Hundred and Seventy-four dollars as damages for that on to-wit: August 3, 1956 four head of cattle belonging to plaintiff broke through a lawful fence and trespassed upon defendant's land; that plaintiff failed to recover said cattle after due notice to him; that defendant was caused to spend time and money in penning, feeding and watering said cattle; and on January 21,

1957, defendant confined two of said cattle in his loading pen giving plaintiff due notice of his actions, and cared for, fed, and watered said cattle until they were unlawfully taken by plaintiff on January 28, 1957; that his damages arose out of the transactions above mentioned.

The plaintiff's demurrers to this plea were sustained by the court on the grounds that the damages were not sufficiently set forth.

The defendant then amended his plea by cataloging and describing the damages, and the court overruled plaintiff's demurrer to the plea as amended.

The demurrer to the plea, as amended, contained some twenty-four grounds.

■ Grounds 17 and 24 attack the plea of recoupment because it does not allege that defendant's cattle damaged any crops, shade trees, fruit trees, ornamental shrubs, or flowers.

These two grounds are the only two grounds sufficiently argued in appellant's brief to invite our review, and even they are brought forth in a most cursory manner.

In this connection, counsel for appellant, plaintiff below, argues that because Section 79, Title 3, Code of Alabama 1940, providing that the owner of livestock running at large upon the lands of another shall be liable for all damages to crops, shade or fruit trees, or ornamental shrubs and flowers, limits a claim for damages by trespassing cattle to injuries only to the above specified items.

Such contention is without merit. By Section 78, Title 3, Code of Alabama 1940, it is made unlawful for the owner of livestock to knowingly, voluntarily, negligently, or wilfully permit such livestock to go at large, either upon the premises of another, or upon a public highway after 1 March 1941.

In 1951 the legislature passed an act, the effect of which was to make the entire State closed range. See Section 93(1),

Title 3, Code of Alabama 1940, (pocket part).

Prior to these enactments, except in duly created stock law districts, the burden was upon a land owner to fence stock out, and the owner of trespassing stock was not liable for damages done by stock on the lands of another. Nashville and C. R. Co. v. Peacock, 25 Ala. 229.

This rule was of course the reverse of the common law rule requiring the owner to fence his stock in, and making him liable for trespasses committed by stock he suffered to run at large. Hurd v. Lacy, 93 Ala. 427, 9 So. 378.

Upon elemental legal principles it is clear that in view of Section 78, supra, the owner of cattle is liable for damages caused by such cattle if he suffered them to run at large upon the premises of another, or upon the public highways, except as limited in the case of damages to motor vehicles by cattle at large under the provisions of Section 79, Title 3, Code of Alabama 1940. See Randle v. Payne, 39 Ala.App. 652, 107 So.2d 907.

Counsel cites only the case of Revel v. Prince, 37 Ala.App. 457, 69 So.2d 470 in his argument. A reading of this case shows that the complaint was framed solely under Section 79, supra, and claimed damages for injuries to crops, shade and fruit trees, etc. We held that under the complaint as drawn the plaintiff was not entitled to damages for injuries to fences by defendant's trespassing cattle. Such doctrine has no application to the present suit.

The plea filed by the plaintiff sets forth a trespass by plaintiff's cattle upon the land of the defendant at time specified, with the damages resulting. The plea was therefore sufficient. McGill v. Varin, 213 Ala. 649, 106 So. 44. Certainly it was sufficient as against the grounds argued in appellant's brief.

In the trial below the evidence presented by the defendant-appellee tended to show that defendant found three of appellant's cattle in his pasture on 3 August 1956. He went to see the appellant the next week about them, but could not find the appellant. However, later in August he did see appellant who acknowledged the cattle were his, and also acknowledged the cattle were his at later dates.

There were three cows and two calves belonging to appellant in appellee's pasture at one time. The calves were born in appellee's pasture and weighed about three hundred pounds when they were removed.

The appellee stated he would not run the cattle onto his neighbors, and could not run them out of the pasture gate. In November, 1956, with the help of neighbors he did drive the cattle from his pasture, but they were back in his pasture the next day. After this the appellant stopped by his place more than once and again acknowledged the cattle were his.

On 18 and 19 January 1957 (Saturday and Sunday) the appellee placed a cow and calf belonging to appellant in his catch pen, and told appellant the same day the two animals were his.

He sent appellant a notice by registered mail, but it was returned unclaimed.

Appellee telephoned appellant on the following Sunday, and told appellant he was going to charge him $25 for penning and keeping the cow and calf, and asked appellant to remove them.

The appellee further testified that the fence surrounding his pasture was a four foot fence of from three to five strands of wire attached to posts 8 to 10 feet apart.

The appellee also testified that in all appellant's cattle were in his pasture for six months, during which time they tore up his fence, and feed troughs, scattered and wasted feed, and would chase his cows from feed troughs because appellant's animals had horns.

He also gave testimony as to the amount of damages he suffered. However,

since the amount of damages is not referred to in appellant's brief, other than to state that appellee's plea did not claim damages for injuries to crop, fruit trees, etc., as listed in Section 79, supra, and that appellee had proved no damages, we pretermit consideration of the damages awarded because not adequately presented in appellant's brief.

The appellant's evidence in the proceedings below tended to contradict appellee's in several aspects. This however merely raised a question of fact within the province of the jury to resolve.

█ Clearly under appellant's evidence he was not entitled to the affirmative charge requested in writing by the plaintiff-appellant in the detinue suit. (Assignment of error 8), and likewise the court did not err in refusing appellant's motion for a new trial. (Assignment of error 1).

Section 88, Title 3, Code of Alabama 1940, sets out the method by which the owner of seized cattle may regain possession of same where no judgment has been entered for such damages. He must first pay the damages agreed upon, and should the parties be unable to agree, either party has the right to go before a justice of the peace within the precinct where the cattle is seized and have the issue tried after giving the opposite party one day's notice.

An almost identical provision appeared in the 1923 Code of Alabama as Section 10220.

In Bagley v. Prestwood, 223 Ala. 521, 137 So. 314, 315 the Supreme Court wrote:

"We think that when petitioner did have information that his cattle were taken up, and there had been in fact damage done by them for which he was due to pay, he could not sue in detinue without paying or tendering the amount of the damage claimed by appellant, but that he should have pursued the method provided by section 10220."

To like effect are the holdings in Bagley v. Prestwood, 24 Ala.App. 485, 137 So. 313 and Yearwood v. French, 216 Ala. 42, 112 So. 330.

Under the evidence of this case the appellant was not entitled to sue in detinue, having failed to pursue the remedies provided in Section 88, supra.

The court therefore properly instructed the jury in his oral instructions that if they believed the evidence they must find for the defendant in the detinue suit. This was merely a charge upon the law of the case as applied to the undisputed facts.

We have written to all matters that can possibly be considered brought forward and argued in appellant's brief.

Affirmed.

### On Rehearing

█ In our original opinion we stated:

"Glover filed a motion to strike the plea in recoupment on the ground that no paper or instrument was issued to the sheriff authorizing the execution or service by the sheriff of plea of recoupment on Glover. This motion was denied by the court below and is the basis of appellant's assignment of error No. 2."

Counsel asserts that correctly stated, the motion was to strike the alleged return of the sheriff on the plea of recoupment, which according to counsel: "Is quite different from a motion to strike the plea in recoupment." We accept counsel's interpretation of the motion as correct, that is, a motion to strike the sheriff's return. Without service of the plea of recoupment upon the appellant, as evidenced by the return thereon, or appellant's voluntary appearance, the court would not have acquired jurisdiction as to the plea.

The same conclusion as to the correctness of the court's ruling on the motion must follow, considering the motion as a motion to strike the sheriff's return. The

reasons compelling such conclusion are set out in our opinion above and we see no need of reiterating them.

Other points of alleged error in our opinion are argued by counsel. We have reexamined our opinion in view of appellant's counsel's argument, and have concluded that no merit attaches to such contentions.

Application overruled.