122 So.2d 147

Arthur GLOVER

v.

A. M. PUGH.

3 Div. 869.

Supreme Court of Alabama.

June 2, 1960.

Rehearing Denied July 14, 1960.

Arthur Glover and Hill, Hill, Whiting & Harris, Montgomery, for petitioner.

Knabe & Nachman, Montgomery, opposed.

COLEMAN, Justice.

Plaintiff brought action in detinue for a cow and calf. Defendant filed plea of recoupment. Plaintiff moved to strike the sheriff's return on the plea of recoupment. The trial court overruled the motion to strike. From a judgment for defendant on the plea of recoupment, plaintiff appealed to the Court of Appeals where the judgment for defendant was affirmed. Plaintiff has applied for certiorari and argues that the Court of Appeals erred in two particulars.

### 1. (Ground 8 of Petition.)

■ Plaintiff argues that the Court of Appeals erred in holding that the trial court did not err in overruling plaintiff's motion to strike the sheriff's return which was written on defendant's plea in recoupment. Plaintiff's argument is that under § 359,

Title 7, Code 1940, in addition to a copy of the plea of recoupment, a summons must be issued by the clerk directing the sheriff to serve a copy of the plea, together with a copy of such summons, on the plaintiff, in the same manner that a summons and copy of original complaint must be issued and served as provided by §§ 183, 186, Title 7, Code 1940.

We have carefully examined §§ 183, 186, 359, 360, and 361, Title 7, Code 1940, and, because the statute does not require it, are of opinion that a summons is not necessary on such plea. The Court of Appeals correctly so decided.

### 2. (Ground 9 of Petition.)

■ Plaintiff asserts that the Court of Appeals erred in holding that the trial court correctly overruled plaintiff's demurrer to defendant's plea of recoupment as amended.

The plea of recoupment claims for damage suffered by defendant as a consequence of the trespass of two cows and two calves of plaintiff on defendant's land on, to wit, August 3, 1956. The plea alleges that on January 21, 1957, defendant penned two of said cattle, to wit, the cow and calf claimed by plaintiff in the complaint, and fed them for one week; and that "Plaintiff failed to recover said cattle after due notice was given him." Damages alleged are: pasturing 4 head of cattle from August 3, 1956, to January, 1957, $135; feeding, etc., 2 head $25; damage to "fences and feed troughs" under 1st claim $6.75; and under 2nd claim $6.75; total $174.

The only grounds of demurrer insisted on in Court of Appeals took the point that the plea does not allege damage to "crops, shade or fruit trees, ornamental shrubs, or flowers."

Plaintiff's argument is that recovery for damage done by trespassing cattle is limited to damage to crops, shade or fruit trees, ornamental shrubs, or flowers, and that a landowner cannot recover for any other sort of damage done by trespassing cattle or

for expense incurred by the landowner in taking up, confining, feeding, watering, or otherwise caring for trespassing cattle by such landowner.

Conceding arguendo that under § 79, Title 3, Code 1940, liability for specific damage done to property on land of another by trespassing cattle is limited to damage to " * * * crops, shade or fruit trees or ornamental shrubs and flowers * * *," we think the statute is clear that the landowner who takes up trespassing cattle is entitled, where the owner of the cattle has knowledge, to hold such cattle until the cost of feeding same during detention has been paid by the owner. The owner of the cattle is, of course, entitled to the statutory remedy in connection with such seizure and detention. The statute, Title 3, in pertinent part recites:

In case of seizure by an officer:

"§ 81. The owner of the livestock * * * shall have the right to secure such livestock * * * upon the payment of a fee of one dollar * * * together also with the actual cost of feeding such animal during the period held by such officer if there have been no proceedings in court. * * * the actual cost of feeding the animal shall be paid over to the person damaged and to the person at whose expense such animal was fed during the period of retention. * * *."

In case of seizure by landowner:

"§ 82. Any person who is the owner of, * * * any land, * * * shall have the right to take possession of any livestock * * * found at large, * * * on his premises, * * *."

"§ 86. The person * * * taking up such livestock * * * shall be entitled to possession thereof until the judgment * * * is paid, together with * * * the cost of keeping and caring for such livestock * * * after such judgment, or until the same is sold under execution to satisfy said

judgment, provided, that the cost of keeping * * * such livestock * * * shall be upon the same basis as that previously determined * * * for the maintenance of such livestock * * * prior to the entering of such judgment."

"§ 88. The owner of any livestock * * * which has been seized shall have the right to possession * * * if no judgment has been entered, by paying such damages * * * together with * * * expenses due on account of such seizure * * * to the person who may at the time of such payment have such livestock * * * in his possession, * * * but should the parties be unable to agree * * * either party shall have the right to go before any justice of the peace * * * and have the issue tried * * * and said issue shall involve * * * the amount of damages, fees, costs and expenses under the provisions of this article * * *."

We are of opinion that the statute clearly expresses the law to be that a person who takes up trespassing cattle is entitled to hold such cattle and to be paid the expense of feeding and maintaining such cattle during the holding of them, subject, we repeat, to the owner's statutory remedies. The plea of recoupment alleges the expense claimed in adequate detail, and the plea was not demurrable for failure to allege damage to crops, trees, shrubs or flowers.

We are not here concerned with the question as to whether the amounts so claimed are reasonable or excessive.

The plea alleges that certain cattle belonging to plaintiff trespassed on land of defendant, that plaintiff failed to recover said cattle after notice, that defendant was put to expense in penning and feeding said cattle, and that the cattle sued for by plaintiff are "two of said cattle." The expense claimed is stated in detail. It is not necessary to decide, and we do not decide that defendant was entitled to recover for the

damage to his fences and feed troughs. We do decide that defendant was entitled to hold the cattle pending payment of the expense of penning and feeding, and that the plea of recoupment claiming the right to recover for the expense of feeding and penning the cattle taken up was not subject to grounds 17 and 24 of the demurrer. The Court of Appeals did not err in holding that the trial court correctly overruled said grounds.

We have pretermitted consideration of the question as to whether or not the demurrer may have been correctly overruled for the reason that plaintiff sought thereby to raise objections which cannot be raised by demurrer but may be raised by motion to strike, objections to evidence, or by written charges. See Cheek v. Odom, 20 Ala.App. 31, 100 So. 782.

Writ denied.

LAWSON, STAKELY and MERRILL, JJ., concur.

## On Rehearing

■ Petitioner's brief on rehearing contains the following statement:

"If trespassing cattle do not damage crops, shade or fruit trees or ornamental shrubs and flowers the right to pen up never accrues to the land owner."

In the quoted statement, petitioner misconceives the law. § 82, Title 3, Code 1940, recites in pertinent part as follows:

"Any person who is the owner of, or in the lawful possession of, any land, or the agent of any such person, shall have the right to take possession of any livestock or animal found at large, uncontrolled, on his premises, or on premises of which he has charge, * * *."

As we read the statute, the right to take possession of trespassing cattle is not subject to the condition precedent that such cattle must first have damaged crops, shade or fruit trees, or ornamental shrubs or flowers. The presence of the cattle at large and uncontrolled on the land without the landowner's consent is all that the statute requires to confer on the landowner the right to take possession of the trespassing cattle.

Defendant also complains that the result here is unjust in that the trial court is affirmed in holding: on the one hand, that plaintiff could not maintain detinue because he had not first brought action before a justice of the peace; but on the other hand, that defendant could maintain his plea of recoupment without first going before a justice of the peace.

■ Whether such argument be valid or not, it does not have application to any point or decision of the Court of Appeals which was presented to us for review by argument in brief originally filed in support of the petition for certiorari. In his brief in support of the petition, petitioner argued that the Court of Appeals erred in two particulars, namely: (1) In holding that the statute does not require a summons to be issued by the clerk on a plea in recoupment; and (2) In holding that the plea in recoupment was not subject to demurrer on the ground that the plea failed to allege damage to crops, shade or fruit trees, ornamental shrubs, or flowers. We responded to petitioner's argument on the two points wherein petitioner insisted that the Court of Appeals erred. Those were the only points before us. On petition for certiorari to review opinion of Court of Appeals, the Supreme Court will consider only those points decided by the Court of Appeals *which are adequately argued in brief* filed in support of the petition for certiorari. Bradford v. Harris, 251 Ala. 386, 37 So.2d 677; Walker v. Ingram, 251 Ala. 395, 37 So.2d 685; Coffee County v. Berry, 256 Ala. 381, 54 So.2d 792; Atlantic Coast Line R. Co. v. Vise, 262 Ala. 329, 78 So.2d 661.

Petitioner says further that he is in the position of having a final judgment against

**68**

him for the damages and expenses caused by his cattle, but that if he should pay that judgment he would, because he failed in the detinue action, still be liable on his bond if he fail to return the cow and calf to defendant.

The question of petitioner's liability on his bond is not now before us. The situation in that respect is not unlike the controversy reported in Bagley v. Prestwood, 24 Ala. App. 485, 137 So. 313, certiorari denied 223 Ala. 521, 137 So. 314; Prestwood v. Bagley, 227 Ala. 316, 149 So. 817. If the parties cannot adjust their differences in the light of the principles there indicated, petitioner may seek protection of his rights in a court of equity.

Opinion extended.

Application overruled.

LAWSON, STAKELY and MERRILL, JJ., concur.