337 So.2d 726 (1976)
P. M. GOODALL et al.
v.
PONDEROSA ESTATES, INC.
SC 1695.
Supreme Court of Alabama.
August 27, 1976.
Rehearing Denied September 24, 1976.
John Martin Galese, Birmingham, for appellants.
C. Stephen Trimmier and Rives, Peterson, Pettus, Conway, Elliott & Small, Birmingham, for appellee.
BEATTY, Justice.
Builder's Management, Inc. and Southwestern Contracting Co., Inc., assignees of P. M. Goodall, defendant below, appeal the denial of their motion to vacate the final decree in the lower court, issued November 1, 1973. We affirm.
Ponderosa Estates, the plaintiff below, was owner of land mortgaged to H. N. Donahoo Contracting Co., Inc. Donahoo assigned the mortgage to Goodall who subsequently *727 sold her interest to Builders and Southwestern.
On March 13, 1968 while Goodall held the mortgage, Ponderosa filed a complaint praying that it be allowed to redeem the land in question from the mortgagee assignee, Goodall, and that the court determine whether there existed any indebtedness on the mortgage. Ponderosa also asked that the mortgage foreclosure sale be declared void if the court found as a matter of fact that the mortgage indebtedness had been paid in full by Ponderosa to Donahoo prior to March 15, 1966.
On April 23, 1970, after Ponderosa filed its complaint, Goodall sold her interest in the real estate in question to Builders and Southwestern and this deed was filed in the office of the Judge of Probate of Jefferson County on August 5, 1970.
After filing the complaint, Ponderosa's attorney attempted to serve Goodall. Although service was published against Goodall once a week for four consecutive weeks beginning January 28, 1972, meeting the statutory requisites, Code of Alabama, Tit. 7, § 204 (1940), personal service had been unsuccessfully attempted prior to that time. A decree pro confesso was entered against Goodall on February 20, 1973 and the final decree was entered November 1, 1973. The final decree declared that the mortgage supposedly held by Goodall (actually sold by Goodall to Builders and Southwestern) was void and of no effect whatsoever and Ponderosa was owner of the real estate described in the complaint.
On August 20, 1975 Builders and Southwestern filed a motion to vacate the final decree. The motion alleged that they were grantees under a deed from Goodall recorded in Jefferson County Probate Court but that despite this fact they were never served. Further, they alleged that Ponderosa did not make a diligent search in an attempt to serve the parties involved, thus denying them notice guaranteed by the due process clause of the Fourteenth Amendment. They appeal the denial of their motion to vacate.
The crucial issue raised on this appeal is whether Ponderosa met the requisites of a diligent search in an effort to afford the defendants personal service. If Ponderosa did exercise due diligence the trial court should be affirmed. If Ponderosa failed to exercise such diligence, Builders and Southwestern have been denied property without due process of law.
From the recorded testimony of J. W. Patton, Jr. we find the following facts:
That Patton was Ponderosa's attorney in the original action;
He attempted, to no avail, to obtain from George Witcher, attorney for Goodall, the location of P. M. Goodall;
Patton inquired of Witcher as to whether P. M. Goodall was a man or a woman, but that information was refused him;
Patton inquired of Witcher as to whether P. M. Goodall was a resident of Jefferson County and was told that Goodall was no longer living in this area, when actually she was a resident of Gardendale;
Despite this, Patton looked in the current telephone book and city directory in an effort to locate a P. M. Goodall;
Subsequently he filed an affidavit stating that he had made a reasonable and diligent search for the whereabouts of P. M. Goodall without success; and
He met the statutory requirements for notice by publication thereafter.
The record also reveals that during the entire pendency of the litigation, from the filing of Ponderosa's complaint to the Chancellor's final decree, George Witcher represented all partiesGoodall, Builders and Southwestern.
The issue before us, as admitted by both appellants and appellee, is a factual one. The trial judge, after examining the testimony and demeanor of the witnesses, found in favor of Ponderosa. This factual determination should be upheld under the ore tenus rule. As this Court stated in Martin v. Howard, 293 Ala. 36, at page 39, 299 So.2d 727, at page 729 (1974):

*728 "The testimony having been taken ore tenus before the trial judge, his findings and conclusions thereon are given the same weight as the verdict of a jury, and will not be disturbed unless palpably wrong. (Citations omitted.)"
We must concur in the trial court's finding that, under the facts of the case, Mr. Patton met the requirements of diligence. Diligence has been defined in this manner:
" . . . Diligence is comparative, depending largely upon the circumstances calling for its use. The courts do not require the same from parties who are apparently lured to their injury or destruction by the misleading conduct of the adversary party and for which they are not responsible." Cleveland, C. C. & St. L. Ry. v. Schneider, 40 Ind.App. 38, 80 N.E. 985, 988 (1907).
Here we have a defendant, Goodall, who was served by publication after her attorney was notified of the pendency of the litigation. Since the purpose of service is to notify or inform the defendant of the action being lodged against him, Glover v. Pugh, 40 Ala.App. 258, 122 So.2d 142, cert. den. 271 Ala. 64, 122 So.2d 147 (1960), it appears to us that Patton's conversation with Witcher, together with the newspaper publication, met minimal constructive service requirements. Thus Goodall had notice of the action.
The record indicates that when Patton confronted Witcher about Goodall's whereabouts, Witcher was the attorney not only for Goodall, but for those who then held the mortgageBuilders and Southwestern. Yet, being employed by and having information on all three parties interested in the action, he refused to aid, but did in fact confuse Patton. When one beclouds his whereabouts, he should not be allowed to benefit from the server's consequent confusion. N. L. R. B. v. Clark, 468 F.2d 459 (5 Cir. 1972). The trial judge did not allow such benefit to accrue to the defendants from Witcher's misleading and unresponsive replies to Patton's inquiries, and we concur in his action.
Appellants' brief suggests methods by which Patton might have identified the location of Goodall or the interest of Builders and Southwestern. But an attorney is not required to take every feasible action; he is required to be reasonable and diligent in his efforts to locate those whom he intends to serve. We hold that Patton, under the circumstances of this particular case, met those minimal requirements.
AFFIRMED.
HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.

ON REHEARING
BEATTY, Justice.
Appellants raise several points in their application for rehearing, each of which we have fully considered. Among these is the contention that we have misconstrued the record by observing that Patton looked in the city directory in an effort to locate a P. M. Goodall. The point is well taken that the record contains no positive evidence that this was done. What the record does reveal is that Mr. Patton testified: "I can't say positively that I looked in the city directory. I wasn't able to locate a P. M. Goodall." And later, upon being asked: "Mr. Patton, did you check, I believe you said you were not sure if you checked any city directory?," he replied, "No, I am not sure." We believe this exchange creates the possibility that the city directory was one of the sources relied upon to determine the whereabouts of P. M. Goodall.
Appellants also suggest that our original opinion was written merely to chastize Mr. Witcher, who represented Southwestern and Builders during the pendency of the litigation. In respectfully denying any such motive, we point out that Mr. Witcher's representation of Goodall, Builders and Southwestern, and Mr. Patton's contact with him, appear from the record to have been material factual aspects of this case, affecting the course of action of Mr. Patton in his attempts to locate P. M. Goodall. Accordingly, we were bound to consider them in our review.
*729 We have carefully addressed ourselves to the remaining points raised by appellants and are of the opinion now that they have been amply considered in our original opinion.
OPINION EXTENDED AND APPLICATION FOR REHEARING OVERRULED.
HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.