HOLMES, Judge.
The plaintiff, Monfee, sued the defendant to recover possession of six head of cattle. The defendant, Seymore, counterclaimed, alleging that plaintiff’s cattle damaged his crops. A jury found in favor of defendant on the counterclaim and assessed damages at $1,300. Plaintiff’s motion for a new trial was denied and plaintiff appeals.
The plaintiff presents three issues for review.
The first issue is whether the trial court erred in sustaining the jury’s assessment of damages at $1,300 when there was evidence of only $1,238.88 in damages.
Defendant, in his brief, concedes the verdict is excessive by the amount of $61.12. For this reason no further consideration of this issue is necessary.
The second issue is whether there is evidence to support the jury’s finding that plaintiff knowingly, voluntarily, wilfully, or negligently permitted his cattle to go upon the premises of the defendant in October of 1978. We find no such evidence.
The third issue is whether the trial court erred in refusing to give plaintiff’s requested written charges. These requested charges stated in substance that under § 3 - 4 6(a), Code of Ala.1975, a landowner cannot recover for damages to crops caused by another’s cattle if the landowner has failed to erect and maintain a lawful fence. We find the trial court did not err in refusing these requested charges.
The record reveals the following facts:
Defendant was in possession of a tract of land adjoining plaintiff’s land. Plaintiff’s land was fenced and was used by plaintiff for raising cattle. A portion of plaintiff’s fence separated his land from that of defendant. The defendant held his land under a lease and used it to grow corn, wheat, and beans.
*1200 Defendant testified that on two separate occasions, the first being in October of 1978 and the second in May of 1979, plaintiff’s cattle came on his land and damaged his crops. Defendant valued the loss to his crops in October of 1978 at $456 and the loss in May of 1979 at $435.88.
The record further shows that plaintiff’s cattle were at large on defendant’s land from May 7 to May 23, 1979.
On May 23, 1979, defendant captured the cattle and penned them at a stockyard. In capturing and putting the cattle up defendant incurred expenses in the amount of $347. Plaintiff does not contest his liability for this amount.
I
Section 3-5-2(a), Code of Ala.1975, provides:
It shall be unlawful for the owner of any livestock or animal, as defined in section 3-5-1, to knowingly, voluntarily, negligently or wilfully permit any such livestock or animal to go at large in the state of Alabama either upon the premises of another or upon the public lands, highways, roads or streets in the state of Alabama.,
and § 3-5-3(a), Code of Ala.1975, in pertinent part provides:
The owner of such livestock or animal being or running at large upon the premises of another or upon the public lands, roads, highways or streets in the state of Alabama shall be liable for all damages done to crops, shade or fruit trees or ornamental shrubs and flowers or any person, to be recovered before any court of competent jurisdiction; ....
Stated succinctly, the owner of livestock is liable for all damages done to crops if he knowingly, voluntarily, wilfully, or negligently permits his livestock to go at large upon the lands of another. Glover v. Pugh, 40 Ala.App. 258, 122 So.2d 142 (1959), cert. denied, 271 Ala. 64, 122 So.2d 147 (1960). See, Clark v. Moore, Ala., 341 So.2d 116 (1976).
As indicated above, plaintiff contends there is no evidence to support a finding that he knowingly, voluntarily, wil-fully, or negligently allowed his cattle to go upon defendant’s land in October of 1978.
We agree. The only testimony concerning the presence of the cattle on defendant’s land in October of 1978 is to the effect that defendant saw the cattle on his land and that they caused damages in the amount of $456. There is no evidence indicating how the cattle got through plaintiff’s fence or how long they stayed on defendant’s land. In short, there is no evidence from which the jury could infer that plaintiff knowingly, voluntarily, wilfully, or negligently allowed his cattle to go at large on defendant’s land in October of 1978. For this reason, we find that the verdict is excessive in the additional amount of $456, this amount being the damages to the crops in October of 1978.
We note in passing that plaintiff in his brief does not challenge the sufficiency of the evidence supporting the jury’s finding that he unlawfully allowed his cattle to go at large on defendant’s land in May of 1978. Thus, plaintiff, in effect, concedes there is evidence to support a verdict in defendant’s favor of at least $435.88 for damages to his crops in May of 1979.
II
The final issue is whether the trial court erred in failing to instruct the jury that § 3 -4 ■ 6(a), Code of Ala.1975, precludes liability where the landowner has not erected a lawful fence to protect his crops.
Section 3-4-6(a) provides:
If any trespass or damage is done by any animal breaking into lands not enclosed by a lawful fence as defined in this chapter, the owner shall not be liable therefor.
Our research reveals that prior to 1941 Alabama was an open range state where it was lawful for one to allow his livestock to go at large on the lands of another. Under Alabama’s open range laws, the owner of livestock was not liable for damages for intrusions of stock on the lands of another. *1201 The burden was upon the crop growing landowner to fence livestock out. Glover v. Pugh, supra; Randle v. Payne, 39 Ala.App. 652, 107 So.2d 907 (1958), cert. denied, 268 Ala. 697, 107 So.2d 913 (1959).
In 1939, the legislature enacted a comprehensive stock law. Under its provisions, which include our present Code sections 3 5-2 and 3-5-3, Alabama was declared a closed range state. See, § 3-5-2(c), Code of Ala.1975. There were, however, provisions whereby a county could elect to become open range. Act No. 368, Acts of Alabama 1939, p. 487.
In 1951, the legislature declared it unlawful to permit livestock to run at large in any county; abolished all open range counties; and repealed the Code sections providing for the creation of open range counties along with “all other laws or parts of laws in conflict herewith.” Act No. 53, Acts of Alabama 1951, p. 266.
In other words, the legislature worked a complete change in Alabama’s stock laws and in doing so repealed all laws that were in harmony with the concept of an open range. Whereas under prior law the burden was on the landowner to fence stock out, Hurd v. Lacy, 93 Ala. 427, 9 So. 378 (1890); Rowe v. Baber, 93 Ala. 422, 8 So. 865 (1890), the burden is now on the stock owner to fence his stock in. Glover v. Pugh, supra; Randle v. Payne, supra; Revel v. Prince, 37 Ala.App. 457, 69 So.2d 470 (1954); §§ 3-5-2(a) and 3-5-3(a), Code of Ala.1975.
We find § 3~4-6(a) to be in harmony with the concept of open range and in conflict with present law inasmuch as § 3-4-6(a) in effect requires a landowner to erect a lawful fence to protect his crops and shields a stock owner from liability when the landowner has failed to do so. Code section 3-4-6(a) has, therefore, been repealed by the 1951 Act and it is no longer the law of this state.
For this reason, we find the trial court did not err in refusing plaintiff’s requested written charges.
Ill
For the sake of clarity, we deem it expedient to summarize the evidence and our findings on the jury’s assessment of damages.
As indicated above, the jury assessed damages at $1,300. Defendant has conceded that this assessment is excessive and that a remittitur of $61.12 is in order. Of the $1,238.88 remaining, $456 is attributed to damages sustained in October of 1978; $435.88 to damages sustained in May of 1979; and $347 for expenses incurred by defendant in capturing and feeding plaintiff’s cattle.
For the reasons stated above, the jury’s assessment of $456 for damages sustained in October of 1978 cannot stand. This leaves the sum of $782.88. This amount is the most defendant can recover under the law and facts of this case.
A judgment will accordingly be entered that, unless the defendant files a remittitur with the clerk of this court within thirty days reducing the judgment to $782.88, the judgment of the trial court shall stand reversed and the case shall be remanded. If, however, such remittitur is filed, a judgment for $782.88 will stand affirmed. Liberty Truck Sales v. Fountain, Ala.Civ.App., 381 So.2d 646 (1980).
AFFIRMED CONDITIONALLY.
WRIGHT, P. J., and BRADLEY, J., concur.